(No. 35817.— ▮▮▮▮▮▮▮▮▮▮▮▮)

*In re* DAVID H. GREENBERG, Attorney, Respondent.

*Opinion filed January 20, 1961.*

J. R. CHRISTIANSON, of Chicago, *amicus curiae.*

STEPHEN LOVE, of Chicago, for respondent.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The Committee on Inquiry of the Chicago Bar Association filed a complaint against the respondent, David H. Greenberg, with the Committee on Grievances, sitting as commissioners of this court. The charges arose out of his conviction upon a plea of *nolo contendere* in the United States District Court for the Northern District of Illinois, Northern Division, of the crime of filing fraudulent income-tax returns in violation of section 145(b) of the Internal Revenue Code of 1939 (26 U.S.C.A., sec. 145(b)). The commissioners recommended that respondent be disbarred. He has filed exceptions to their report and has brought the record here for review.

It is established by prior decisions of this court that conviction of a crime involving moral turpitude is conclusive evidence of an attorney's guilt and ground for disbarment (*In re Eaton,* 14 Ill.2d 338; *In re Teitelbaum,* 13 Ill.2d 586; *In re Needham,* 364 Ill. 65), that violation of section 145(b) of the Internal Revenue Code of 1939 is a crime involving moral turpitude (*In re Teitelbaum,* 13 Ill.2d 586), and that, for the purposes of disciplinary proceedings, conviction under a plea of *nolo contendere* is equivalent to a conviction under any other plea (*In re Eaton,* 14 Ill.2d 338). Respondent does not question the validity of these principles, but contends that the recommendation of disbarment is too severe. Thus, the only issue is the severity of the discipline that should be given respondent.

In the case of *In re Teitelbaum,* 13 Ill.2d 586, we recognized that the ultimate penalty of disbarment can be invoked against an attorney upon conviction of the same crime as that involved here, but we found certain extenuating circumstances which led us to the opinion that the interests of justice would be better served by suspension than disbarment. Respondent claims that the extenuating circumstances in this case are at least as great as in the *Teitelbaum* case, while the report of the commissioners found no such extenuating circumstances.

While there are a number of factual differences between this case and *Teitelbaum,* the arguments to be made and the inferences to be drawn from these differences are conflicting and inconclusive. No useful purpose would be served by emphasizing either the similarities or differences between the two cases. The severity of the discipline to be given respondent should be based upon a consideration of the circumstances of his own case.

The record shows that the amount by which respondent was charged with defrauding the Federal government was $3,753.88, and that this amount was paid by respondent after indictment but before conviction. The Federal court, which

had the advantage of a full hearing, suspended the imposition of any sentence, inflicted a fine of $2,500, which respondent paid, and placed respondent on probation for a period of one year. Respondent thereafter paid to the Internal Revenue Service the sum of $52,134.77, which was the amount of civil tax claims asserted against respondent by the Federal government. Respondent's probationary supervision was thereupon terminated by the Federal district court judge. Apparently this payment was made by respondent as soon as he ascertained the exact amount claimed by the Federal government. No attempt has been made to disbar respondent from practicing in the Federal courts.

Respondent has been a member of the Illinois Bar for 45 years, and according to the testimony of numerous character witnesses, his reputation, prior to the return of the indictment against him, for integrity, honesty and probity was excellent.

We find no fault with the report of the commissioners and have no criticism of their recommendation. Final responsibility for fixing the punishment, however, rests in this court. Considering all the circumstances of this case, we are of the opinion that the interests of justice will be served by suspension rather than disbarment. We, therefore, suspend respondent from the practice of law for a period of two years.

*Respondent suspended.*