(No. 36584.—

*In re* ELMER M. CRANE, Attorney, Respondent.

*Opinion filed November 30, 1961.*

J. R. CHRISTIANSON, of Chicago, *amicus curiae*.

ALBERT E. JENNER, JR., CHARLES J. O'LAUGHLIN, and SHELDON KARON, all of Chicago, for respondent.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a proceeding under Rule 59 of this court to discipline respondent, a member of the Illinois bar. The cause is before us on respondent's exceptions to the report of the Committee on Grievances of the Chicago Bar Association, sitting as commissioners of this court, which recommended that respondent be suspended from the practice of law for a period of two years. The charges arose out of the conviction of respondent, in the United States District Court for the Northern District of Illinois, of the crime of tax evasion in violation of section 145(b) of the Internal Revenue Code of 1939. 26 U.S.C.A., sec. 145(b).

The ultimate question for this court is, of course, whether respondent is to be disciplined and, if so, the nature and extent of the discipline. In deciding this question it is necessary to determine whether or not certain evidence offered by respondent and rejected by the commissioners should be considered.

Respondent made three offers of proof which were rejected by the commissioners. In the first, he sought to introduce evidence tending to show that the investigation which led to his prosecution in the Federal court was motivated by the personal vindictiveness of an official in the Internal Revenue Service. The second offer of proof sought to show that the jury which convicted respondent took a long time

to reach its decision and arrived at a verdict only after it appeared that the district judge would have to discharge the jury. We think that the commissioners correctly rejected these two offers of proof. Neither the motivation of the prosecution nor the length of time spent by the jury is relevant to the guilt or innocence of respondent, nor do they appear to be proper matters for consideration with respect to the question of possible mitigating circumstances. To consider evidence of this nature would open up a highly speculative area and would serve no useful purpose in a disciplinary proceeding.

Respondent also attempted to present evidence with respect to the particular acts on his part which led to his conviction. This evidence was presumably calculated to show either that the respondent's conduct was not actually fraudulent, or that, if he was guilty of fraud, it was not of a particularly heinous variety. The commissioners refused to consider this type of evidence, upon the authority of such cases as *In re Needham,* 364 Ill. 65; *In re Teitelbaum,* 13 Ill.2d 586; and *In re Greenberg,* 21 Ill.2d 170.

In *In re Needham,* 364 Ill. 65, we held that conviction of a crime involving moral turpitude is conclusive evidence of guilt and ground for discipline. In *In re Teitelbaum,* 13 Ill.2d 586, we held that violation of section 145(b) of the Internal Revenue Code of 1939 is a crime involving moral turpitude. These cases were summarized as so holding in our recent decision in *In re Greenberg,* 21 Ill.2d 170. While the conviction is conclusive evidence of guilt, it does not preclude the consideration of other evidence for the purpose of determining the appropriate disciplinary action. After all, a respondent is being disciplined not because of his conviction but because of his conduct. The actual conduct itself is certainly relevant to a determination of the appropriate discipline to be accorded. Just as every conviction of a crime does not require the same punishment, so all convictions of crimes involving moral turpitude do not re-

quire the same discipline. Thus, a consideration of the actual conduct of the respondent is not only proper, but may be indispensable, to an informed appraisal of the appropriate disciplinary action.

Respondent sought to show, by his own testimony, that the trial in the Federal court involved substantially three different items. One was a fee which, on his income tax returns, respondent spread over three years, but which the Federal authorities contended should have all been reported as income in one year. The second concerned a payment which respondent omitted entirely from his income tax returns, but he claims that the omission was due to negligent oversight rather than fraud. The third item concerned the cost basis of certain stock, the respondent stating that the basis he used was derived from others and was true to the best of his knowledge and belief. Although the oral testimony of respondent seems hardly the most appropriate method of proving what was involved in the Federal trial, the commissioners sustained the objection to the offer of proof on the basis of substance rather than of form, and it seems clear that their ruling was based primarily upon what he was trying to prove, rather than how he was trying to prove it.

The report of the commissioners indicates that in arriving at their recommendation they took into consideration the fact that the Federal judge suspended imposition of sentence and placed respondent on probation conditioned upon his paying a fine of $10,000 and costs, that such fine and costs have been paid, that respondent's practice of law has suffered appreciably, that no assessment has been made against respondent with respect to his civil liability for income taxes for the years in question, that a number of witnesses, including practicing attorneys and sitting judges, testified that respondent's reputation in his community was that of an honored and respected member of the Illinois bar, that no other disciplinary measures have been brought

against respondent, and that no proceeding has been brought to disbar him from practice in the Federal courts. The commissioners, however, as already stated, felt it improper for them to consider any evidence relating to the nature and circumstances of the conduct of the respondent which resulted in his conviction. As we have already indicated, we feel that such matters are proper subjects of consideration for the purpose of determining the appropriate nature and severity of the discipline, and we have considered such proferred evidence in arriving at the discipline to be administered.

Taking into consideration all the extenuating circumstances we feel that respondent was guilty of conduct which is not to be condoned on the part of a member of the legal profession and that he is deserving of the censure of this court.

*Respondent censured.*