(No. 39125.—

*In re* THEODORE REVZAN, Attorney, Respondent.

*Opinion filed September 28, 1965.*

CUMMINGS & WYMAN, of Chicago, (AUSTIN L. WYMAN, JR., of counsel,) for respondent.

J. R. CHRISTIANSON, of Chicago, *amicus curiae.*

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A report of the Board of Managers and the Committee on Grievances of the Chicago Bar Association, sitting as commissioners of this court pursuant to Rule 59, recommended that the respondent, Theodore Revzan, be suspended from the practice of law for three years. This recommendation was based upon the respondent's conviction, in a United States District Court, of wilful evasion of income tax in

violation of section 7201 of the Internal Revenue Code of 1954. (26 U.S.C.A., sec. 7201.) The respondent had pleaded *nolo contendere*. The district judge found him guilty, suspended sentence, and placed him on probation for two years. The matter is here upon the respondent's exceptions to the report of the commissioners.

Previous decisions have stated the applicable legal principles. "It is established by prior decisions of this court that conviction of a crime involving moral turpitude is conclusive evidence of an attorney's guilt and ground for disbarment (*In re Eaton,* 14 Ill.2d 338; *In re Teitelbaum,* 13 Ill.2d 586; *In re Needham,* 364 Ill. 65), that violation of section 145 (b) of the Internal Revenue Code of 1939 [now section 7201 of the Internal Revenue Code of 1954] is a crime involving moral turpitude (*In re Teitelbaum,* 13 Ill.2d 586), and that, for the purposes of disciplinary proceedings, conviction under a plea of *nolo contendere* is equivalent to a conviction under any other plea (*In re Eaton,* 14 Ill.2d 338)." (*In re Greenberg,* 21 Ill.2d 170, 171.) "While the conviction is conclusive evidence of guilt, it does not preclude the consideration of other evidence for the purpose of determining the appropriate disciplinary action. After all, a respondent is being disciplined not because of his conviction but because of his conduct. The actual conduct itself is certainly relevant to a determination of the appropriate discipline to be accorded. Just as every conviction of a crime does not require the same punishment, so all convictions of crimes involving moral turpitude do not require the same discipline. Thus, a consideration of the actual conduct of the respondent is not only proper, but may be indispensable, to an informed appraisal of the appropriate disciplinary action." *In re Crane,* 23 Ill.2d 398, 400-01.

It is undisputed that in 1954 the respondent received a fee of $19,300 which he did not report in his income tax return for that year or any other year. His explanation was that the fee was the largest he had ever received in a single

year, that it represented payment for work done over a period of years, and that it did not seem fair to him to have to report the entire amount in one year. Although the respondent has practiced law since 1927 and specialized in probate and chancery work, he testified that he had done no income tax work except the preparation of his own returns.

The respondent concedes that his conviction of the crime with which he was charged establishes moral turpitude, but he contends that the commissioners erred in excluding certain evidence as to his motive. The evidence in question was the testimony of a tax accountant and "business adviser" as to why the respondent failed to report the fee in question. The witness was asked, "Now, based upon your service in representing taxpayers before the Internal Revenue Service, and the number of items that you testified you have handled in the period of time you have been so engaged, and more particularly based upon your examination of the books and records of the Respondent in the case, have you formed an opinion as to the Respondent's motivation in connection with the failure to report the item in question?" An objection was sustained upon the ground that although the witness might be an expert on income taxes he was not qualified to express an opinion as to the respondent's motivation in failing to report the item in question. The witness was also asked, "Prior to the tenth day of June, 1963, did you have conversations with Mr. Revzan in which he advised you why he had taken the course of action he had taken with reference to the income taxes for the year 1954?" An objection to this question was sustained.

In our opinion these rulings were correct. As to the first question, the witness was not shown to have any special qualifications that would make him competent to express an opinion as to the thought processes of the respondent, or any other individual taxpayer. As to the second question, the respondent had himself testified as to why he behaved as he did, and the testimony of the witness to respondent's out-

of-court statement would be hearsay. There was no suggestion that the respondent's explanation was a recent fabrication, and in any event the accountant was not retained by the respondent until after his conviction. (See, McCormick on Evidence, sec. 49.) We therefore see no basis for a contention that it was error to sustain the objection to the second question.

As to the measure of discipline, respondent emphasizes the lenient punishment imposed by the federal judge, especially the absence of a fine, the fact that the Internal Revenue Service has not yet assessed his 1954 tax liability, his previous good reputation as indicated by the stipulated testimony of a clergyman and numerous judges and attorneys, the absence of other disciplinary proceedings since he was admitted to the bar in 1927, and the adverse effect that the criminal action has already had upon his practice.

In earlier proceedings involving convictions for wilfully filing fraudulent income tax returns attorneys have been suspended for three years, (*In re Teitelbaum,* 13 Ill.2d 586), for two years, (*In re Greenberg,* 21 Ill.2d 170) and censured, (*In re Crane,* 23 Ill.2d 398.) The respondent relies heavily on the *Crane* case. One of the three questioned items of income in that case was actually reported, the failure to report the second was asserted to have been due to an oversight, and the third was contended to have resulted from reliance upon incorrect information supplied by third persons.

In this case we are of the opinion that the respondent should be suspended from the practice of law for a period of two years and it is so ordered.

*Respondent suspended.*