(No. 40537.—

*In re* NATHAN SHAVIN, Attorney, Respondent.

*Opinion filed May 29, 1968.—Rehearing denied Sept. 24, 1968.*

JOHN CADWALADER MENK, of Chicago, *amicus curiae.*

WILLIAM T. KIRBY and JAMES T. GRIFFIN, both of Chicago, for respondent.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The sole question presented in this disciplinary proceeding is the extent of the punishment to be imposed upon respondent, Nathan Shavin, an attorney practicing in Chicago since 1926. Respondent was convicted in 1961 of knowingly filing false and fraudulent personal income tax returns for the years 1954 and 1955 in violation of section 7201 of Title 26 of the United States Code, and concurrent sentences of 18 months imprisonment were imposed on each of two counts together with fines totalling $5,000 and costs of $1,420.94. The conviction was affirmed in 1963 (*United*

*States* v. *Shavin*, (7th cir.) 320 F.2d 308), and respondent served 12 months in the Federal penitentiary; the fines and costs were paid.

In 1964 a complaint was filed before the Committee on Grievances of the Chicago Bar Association sitting as commissioners of this court under our Rule 751. Their report recommending respondent's suspension from the practice of law for a period of two years was approved by the Board of Managers of the Association and is now before us together with respondent's exceptions thereto predicated upon his contention that the recommended discipline is excessive and that censure would be sufficient.

Respondent concedes, as he must, that the filing of false and fraudulent income tax returns is a crime involving moral turpitude; that conviction thereof is conclusive evidence of guilt; and that such conviction *per se* justifies disciplinary action. (*In re Sullivan,* 33 Ill.2d 548, 553, and cases there cited; see, also, Anno., 59 A.L.R. 2d 1398.) Equally well established is our responsibility to consider the facts and circumstances in aggravation or mitigation in each case in determining the penalty to be imposed. *Sullivan; In re Revzan,* 33 Ill.2d 197; *In re Crane,* 23 Ill.2d 398.

The stipulated or admitted facts indicate respondent's practice consisted almost entirely of personal injury work for plaintiffs in which unsettled cases were referred to other lawyers for trial. Very loose bookkeeping methods prevailed, and, while the amount of unreported income for the years in question was alleged by the government to be $28,104.50 and $61,063.01, it is stipulated that there were deductible items paid out during those years which were not included in the returns. The actual amount of unreported income is claimed to be substantially less than that charged; it is as yet undetermined and the subject matter of a suit presently pending in the United States Tax Court. A number of lawyers and a judge testified that respondent's reputation for integrity and honesty was good, and it is not

contended that any client was dissatisfied with the manner in which a case was handled. Respondent underwent surgery in 1966 and subsequently suffered a heart attack necessitating some hospitalization and a period of convalescence.

Also urged in mitigation is respondent's claim that settlement checks received from insurance companies approximating $30,000 during each of the questioned years were never deposited or cashed by him despite the fact that respondent's normal practice was to pay from his personal funds the amount due the client, secure the client's signature upon the release form and then present the signed release to the insurer in exchange for the settlement check which respondent would then endorse and deposit or cash. Respondent also sometimes paid from his own funds the client's medical expenses and auto repair bills. While seemingly well-nigh incredible, it is stipulated that these settlement checks were apparently uncashed and undeposited.

In the six cases wherein we have imposed disciplinary measures upon willful violators of the Federal income tax laws, we have found censure appropriate in one instance (*In re Crane,* 23 Ill.2d 398), ordered disbarment in another (*In re Tinkoff,* No. 23356, not reported), decreed two-year suspensions from practice in two other cases (*In re Greenberg,* 21 Ill.2d 170; *In re Revzan,* 33 Ill.2d 197), and ordered three-year suspensions in the remaining two instances. (*In re Teitelbaum,* 13 Ill.2d 586; *In re Sullivan,* 33 Ill.2d 548.) The only disciplinary proceeding in which less than a two-year period of suspension has been imposed by us in these cases was *Crane* in which the Federal trial judge had suspended imposition of sentence and granted respondent probation conditioned upon payment of a fine. There, one of three questioned items of income was actually reported, the failure to report the second was claimed to be negligent oversight, and the third was assertedly due to incorrect information supplied by third persons; additionally, this court in determining the appropriate discipline, in *Crane,* con-

sidered matters which the commissioners there had erroneously thought inadmissible for that purpose. We find no comparable extenuating circumstances in this case and accordingly hold that the respondent should be suspended from the practice of law for two years, and it is so ordered.

*Respondent suspended.*