(No. 47563

*In re* MERVIN L. BEIL, Attorney, Respondent.

*Opinion filed September 26, 1975.*

Philip Schickedanz, of Springfield, for the Administrator of the Attorney Registration and Disciplinary Commission.

Duane D. Young, of Springfield, for respondent.

MR. JUSTICE WARD delivered the opinion of the court:

Mervin L. Beil, the respondent, was admitted to the bar of this court in June 1950. On May 10, 1974, he pleaded guilty in the United States District Court for the Southern District of Illinois to an indictment of three counts charging a wilful failure to file income tax returns in violation of section 7203 of Title 26 of the United States Code. He was sentenced to the custody of the Attorney General for 1 year on count I, and, on the condition that the respondent serve a period of confinement in jail for a period of 60 days, the execution of the remainder of the sentence was suspended. He was placed on probation for a period of 3 years on counts II and III.

On June 6, 1974, the Administrator of the Attorney Registration and Disciplinary Commission of Illinois filed a complaint in this court alleging the respondent's convic-

tion and that the offense of which he was convicted involved fraud and tended to defeat the administration of justice and bring the courts and the legal profession into disrepute. The complaint asked that a rule issue upon the respondent under our then-existing Rule 761 (Ill. Rev. Stat. 1973, ch. 110A, par. 761) to show cause why he should not be suspended from the practice of law until further order of court. He did not file an answer to the rule but did file a motion to dismiss the Administrator's complaint on the ground that he had not been convicted of any crime enumerated in Rule 761. This court on September 27, 1974, suspended the respondent from the practice of law until further order of court.

Rule 761 provided:

> "If an attorney admitted to practice in this State is convicted in any court of any of the following crimes: (1) theft or any offense involving fraud, (2) forgery, (3) extortion, (4) bribery, (5) perjury or (6) an attempt, solicitation or conspiracy to do any of the foregoing, whether the conviction results from a plea of guilty or of *nolo contendere* or from a verdict after trial, and regardless of the pendency of an appeal or any other post-conviction proceeding, the Administrator may file a complaint with the court alleging the fact of such conviction. A certified copy of the judgment of conviction shall be attached to the complaint and shall be *prima facie* evidence of the fact that the attorney was convicted of the crime charged.
>
> The court shall issue a rule to show cause why the attorney should not be suspended from the practice of law until the further order of the court. Upon consideration of the complaint and the answer to the rule to show cause, the court may enter an order, effective immediately, suspending the attorney from the practice of law until the further order of the court.
>
> In any case in which the court has entered an order suspending an attorney until further order of court by reason of his conviction of a crime, pursuant to this rule, a further hearing shall be conducted to determine whether the crime warrants discipline, and, if so, the extent thereof. If the attorney has appealed from his conviction,

> the hearing shall be delayed until completion of the appellate process. If after the completion of the appellate process the conviction has not been reversed, the hearing shall be held within 30 days after the mandate is filed in the trial court.
>
> In any hearing conducted pursuant to this rule, proof of conviction is conclusive of the attorney's guilt of the crime.
>
> All hearings contemplated by this rule shall be held before a Hearing Board."

Pursuant to the provisions of Rule 761 a hearing was held before a Hearing Board panel of the disciplinary system on October 28, 1974. The respondent called six witnesses to testify before the panel and introduced into evidence a transcript of the presentence hearing conducted in the United States District Court following his plea of guilty. The transcript contained the testimony of 13 of the presentence hearing witnesses, including the testimony of 4 of the persons who testified before the panel. The panel was favorably impressed with the testimony of a number of witnesses who testified to the high esteem in which they held the respondent, and in its report the panel observed: "Obviously, the circumstances which led to the conviction of the crime were created in a large part by the problems connected with his wife's mental illness." However, it concluded that the respondent's conduct in failing to file income tax returns "did not comport with accepted professional standards and was likely to bring the profession into disrepute." The panel's recommendation was that the respondent be suspended from the practice of law for 1 year and until further order of this court.

The Review Board of the Attorney Registration and Disciplinary Commission considered the findings of the Hearing Board panel and concurred in its recommendation of suspension. The Review Board, noting that the respondent had been under suspension by this court pursuant to Rule 761 since September 27, 1974, recommended that the suspension for the term of 1 year and until further

order of the court should be considered as having commenced on September 27, 1974. The Administrator of the Attorney Registration and Disciplinary Commission in May 1975 filed a motion to approve and confirm the report of the Review Board, and the respondent filed a motion to reject the report and filed exceptions to the reports of the Hearing and Review boards.

Basically the contentions of the respondent are: (1) he was not convicted of an offense "involving fraud" within the meaning of our Rule 761; (2) considering the circumstances the recommendation of a 1 year suspension from practice was inappropriate and too severe.

The question whether the crime of failing to file Federal income tax returns is an offense involving fraud has been decided contrary to the respondent's position by this court. It was said in *In re Lambert*, 47 Ill.2d 223, 225, that "The wilful failure to file income tax returns is clearly fraudulent conduct involving moral turpitude."

Because the respondent's attorney has argued at length that evidence of the respondent's actual conduct and state of mind should be examined in considering this question, we would note the following from the record which appeared to show the respondent's intent or state of mind. The respondent testified at his presentence hearing in the district court after his plea of guilty had been entered, and when asked by his attorney why he had not filed income tax returns simply stated: "I don't know." The special agent of the Internal Revenue Service, who conducted the investigation of the respondent's case, testified that the respondent had told him, when questioned, that it was difficult to begin filing tax returns after a person has failed to file. The agent also testified that the respondent had first told him that he had filed returns for the 3 years in question. He said that the respondent went through a little "fallacy" of looking for the returns on his desk and then a short time later admitted that he had not filed any returns. He told the agent that he really didn't

know why he had failed to file tax returns. Too, there was a failure on the respondent's part to file returns not for a single year but for at least 3 years.

We cannot say that the recommendation of the Hearing Board panel and the Review Board that the respondent be suspended from the practice of law for 1 year was inappropriate. The Hearing Board panel correctly observed: "The evidence shows that the respondent's conduct in failing to file federal income tax returns did not comport with accepted professional standards and was likely to bring the profession into disrepute."

As has been stated, the Review Board recommended that the respondent's suspension for a term of 1 year and until further order of court be considered as commencing on September 27, 1974, the date of suspension under Rule 761. On this record the recommendation was entirely proper. As we have noted, the Hearing Board panel was favorably impressed by witnesses who spoke of their high regard for the respondent's character. While there was evidence that the respondent's office procedures while practicing law were less than efficient and well organized there were a number of witnesses who testified that he was an attorney of compassion and high ability. His wife has suffered from mental illness for many of the more than 25 years of their marriage, which presented the respondent with severe personal problems. As we noted earlier the Hearing Board panel in its report concluded: "Obviously, the circumstances which led to the conviction of the crime were created in large part by the problems connected with his wife's mental illness."

Considering the circumstances we order the respondent's suspension terminated and his right to engage in the practice of law restored as of the date of the filing of this opinion.

*Respondent reinstated.*