(No. 48010.–)

*In re* JAMES GEORGE ANDROS, Attorney, Respondent.

*Opinion filed Oct. 1, 1976.—Rehearing denied Nov. 12, 1976.*

William J. Harte, Ltd., of Chicago (Lawrence Stanner, of counsel), for respondent.

Mary M. Conrad, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

MR. JUSTICE RYAN delivered the opinion of the court:

Respondent, James George Andros, was admitted to the bar in Illinois on May 24, 1956. On March 26, 1974, a criminal complaint was filed against him in the United States District Court for the Northern District of Illinois charging that he willfully and knowingly failed to file Federal income tax returns for the calendar years of 1967, 1968 and 1969. (Int. Rev. Code of 1954, sec. 7203.) Respondent was found guilty by the court following a plea of *nolo contendere* and was placed on three years' probation and fined $3,000.

The administrator of the Illinois Attorney Registration and Disciplinary Commission filed a complaint with the Hearing Board alleging that "the Respondent has engaged in conduct unbecoming a member of the legal profession, in conduct which tends to defeat the administration of justice and to bring the legal profession into disrepute and has been guilty of misconduct involving moral turpitude." The matter was assigned to a panel of the Hearing Board of Cook County, which, following a hearing, recommended that the respondent be censured. The administrator filed exceptions to the recommendation, and the Review Board modified the hearing panel's recommendation of censure and recommended that the respondent be suspended from practice for a period of one year.

The respondent's first contention before the hearing panel and in this court asserts that the crime for which he pleaded *nolo contendere* is not a crime involving moral turpitude.

It is not necessary that the crime of which a defendant is convicted involve moral turpitude before discipline can be imposed. (*In re Ahern,* 23 Ill. 2d 69, 73.) In fact, it has been held that a former acquittal of a criminal charge does not preclude a disciplinary proceeding based on the attorney's conduct upon which the criminal charge was

founded. (*In re Browning*, 23 Ill. 2d 483.) This court has also held that "[i] t is not necessary that his misconduct should subject him to indictment, or that, if the misconduct charged amounted to a crime, he should be prosecuted and convicted before disbarment." (*People ex rel. Chicago Bar Association v. Meyerovitz*, 278 Ill. 356, 365.) The purpose of the criminal prosecution is not the purpose of a disciplinary proceeding. Punishment is not the object. The object of such an inquiry is to determine whether the attorney is a proper person to be permitted to practice his profession. (*In re Browning*, 23 Ill. 2d 483, 490-91; *People ex rel. Chicago Bar Association v. Meyerovitz*.) The attorney is being disciplined not because of his conviction but because of the conduct. *In re Crane*, 23 Ill. 2d 398, 400.

The rule has developed historically that, if an attorney is convicted of a crime involving moral turpitude, the conviction is conclusive evidence of his guilt and is grounds for the imposition of discipline. This court has held that even in the event of a subsequent pardon for the crime, "the pardon could not efface the moral turpitude involved in the crime. It could not obliterate the moral stain upon his character." (*People ex rel. Johnson v. George*, 186 Ill. 122, 128.) Thus, in crimes involving moral turpitude this court has refused to go behind the record of conviction in a disciplinary proceeding and has considered the conviction as conclusively establishing that grounds for discipline exist. The conviction "establishes that the respondent has been guilty of conduct that falls far below the standards required of members of the legal profession." *In re Browning*, 23 Ill. 2d 483, 491; *In re Crane*, 23 Ill. 2d 398; *In re Greenberg*, 21 Ill. 2d 170; *In re Eaton*, 14 Ill. 2d 338; *In re Teitelbaum*, 13 Ill. 2d 586; *In re Needham*, 364 Ill. 65; *People ex rel. Johnson v. George*, 186 Ill. 122.

While conviction of a crime involving moral turpitude is conclusive evidence that grounds for imposing discipline exist, it does not prevent the consideration of other

evidence for the purpose of determining the appropriate disciplinary action. *In re Crane,* 23 Ill. 2d 398, 400.

The fact that an attorney has been convicted of a criminal offense that does not involve moral turpitude does not preclude disciplinary action against that attorney. However, in such a case it is necessary that it be established that the conduct is such as to justify the imposition of discipline. The conviction alone does not, in such a case, conclusively establish that the conduct was sufficient to warrant discipline.

Thus, whether or not the crime of which an attorney has been convicted involved moral turpitude relates only to a procedural matter and is not determinative of whether a disciplinary proceeding may be maintained. Under the rules of this court conviction of a crime involving moral turpitude is a prerequisite only when an immediate suspension of an attorney is sought under Rule 761 (60 Ill. 2d R. 761).

The hearing panel entered a finding that the conduct of the respondent, "demeans the legal profession, brings the legal profession into serious disrepute and causes doubt in the minds of the public as to the integrity of the Bar." Our review of the record reveals clear and convincing support for the above finding. We therefore need not determine whether respondent's conviction involved moral turpitude, as the findings of the hearing panel demonstrate that some degree of discipline is clearly warranted.

The respondent contends that the suspension of one year recommended by the Review Board is far too severe in light of the unusual mitigating circumstances present in this case. Respondent was married in 1959 and had a child by that marriage. He is also the father by adoption of a child born of his wife's prior marriage. Respondent had serious domestic problems during the tax years for which he failed to file returns. His marriage began to deteriorate in 1966, and culminated in a divorce decree in March of 1969. Without recounting all the details of respondent's

marital problems, we do note that the respondent's family problems undoubtedly caused him severe emotional strain and prevented him from devoting sufficient time to the details of his practice.

Respondent testified that prior to his marital problems it was his practice to personally compile the books and ledgers from which his income tax returns would be prepared by his accountant. During the three tax years in question, the respondent failed to keep these records current. Respondent also testified that it would have been impossible for his accountant or his associate to prepare his tax records without his personal participation in the process.

Following his divorce, respondent began to devote more time to the preparation of his books and ledgers. Before this process could be completed, however, the respondent's father suffered a heart attack in January of 1970. Respondent's father remained hospitalized until his death in April of 1970. During these months respondent spent much of his time at the hospital and caring for his mother. After his father's death he resumed work on the books and ledgers. Respondent's 1967, 1968 and 1969 returns were ultimately filed together with the 1970 return. All income tax returns for subsequent periods have been duly filed.

As noted earlier the hearing panel, because of the mitigating circumstances, recommended that the respondent be censured. However, the Review Board in its report and recommendation to this court referred to *In re Beil,* 61 Ill. 2d 378, where a one-year suspension was imposed under similar circumstances. The Review Board then stated: "An evenhanded application of attorney discipline dictates that the severity of discipline be uniformly dispensed in matters of like or similar factual circumstances."

While a degree of uniformity in the application of attorney discipline is desirable, each case must still be

determined on its own merits. In the present case the respondent's personal and professional life were completely disrupted over an extended period of time by a series of unfortunate events over which he had no control. These facts merit serious consideration in minimizing the discipline to be imposed. We do not feel, however, that the imposition of censure alone is adequate. An attorney, above all others, is aware of the responsibility to observe the requirements of the law. He is certainly aware of the serious consequences of failing to file his income tax returns. Censure alone, in view of the respondent's failure to file his income tax returns for three years, would in itself reflect adversely upon the legal profession. We cannot say that the sanction recommended by the Review Board is inappropriate.

We, therefore, suspend the respondent for a period of one year.

*Respondent suspended.*