(No. 57795.-

*In re* WILLIAM JOHN SCOTT, Attorney, Respondent.

*Opinion filed October 4, 1983.*

Deborah M. Kennedy and Jerome Larkin, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

Leonard M. Ring and Associates, of Chicago (Leonard M. Ring and Judith E. Fors, of counsel), for respondent.

CHIEF JUSTICE RYAN delivered the opinion of the court:

On July 29, 1980, the respondent, William John Scott, was convicted in the United States District Court for the Northern District of Illinois of filing a false Federal income tax return for the year 1972, in violation of 26 U.S.C. section 7206(1) (1976). On August 6, 1980, the Administrator of the Attorney Registration and Disciplinary Commission filed a petition in this court pursuant to Rule 761 (73 Ill. 2d R. 761), requesting that the respondent be suspended from the practice of law until further order of the court. On October 15, 1981, an order suspending respondent was entered.

Subsequently, the Court of Appeals for the Seventh Circuit affirmed the respondent's conviction (660 F.2d 1145), and the United States Supreme Court denied *certiorari* (445 U.S. 962, 64 L. Ed. 2d 238, 100 S. Ct. 1650). Thereafter, the Hearing Board convened to determine what discipline was warranted by this conviction. The Hearing Board recommended that respondent be suspended for three years from November 3, 1981, and until further order of the court. The Hearing Board mistakenly stated that respondent's suspension order under Rule 761 was entered November 3, 1981, instead of October 15, 1981. The Review Board recommended that respondent be suspended for a period of 30 months from October 15, 1981, the date on which the suspension or-

der had been entered. The Review Board deleted the portion of the Hearing Board's recommendation which would have continued the suspension until further order of the court.

Before this court, the respondent filed exceptions to the report of the Review Board, contending that it improperly failed to consider certain relevant evidence and imposed an excessive sanction in light of the underlying misconduct. The respondent concedes that filing a fraudulent tax return constitutes moral turpitude. (*In re Lacob* (1972), 50 Ill. 2d 277, 279.) He also concedes that his conviction for this crime is conclusive evidence of his guilt for purposes of this disciplinary proceeding. (*In re Teitelbaum* (1958), 13 Ill. 2d 586, 588.) The respondent contends, however, that the Review Board improperly rejected five items of evidence relating to his underlying conduct which he offered in mitigation for purposes of determining the appropriate sanction.

The Board rejected the testimony of William Barnett, one of respondent's attorneys in the criminal trial, pertaining to the focus of the prosecution's preliminary investigation. The Board also rejected character references submitted to the United States district court on behalf of the respondent by a number of prominent members of the bench and bar. The respondent sought to introduce this testimony in an effort to prove he had not brought the legal profession into disrepute and had the requisite character and fitness to practice law.

The Board further rejected the testimony of William Barnett in which he sought to compare the allegations contained in the indictments for the year 1972, for which the respondent was convicted, and those years for which he was acquitted. This testimony allegedly would have indicated that the respondent's conviction was based solely on a campaign contribution made by an attorney,

Edward Barrett, which the respondent converted to his personal use and did not report in an accounting of general campaign funds. In a similar effort to prove that his conviction was based on the omission of an isolated item of income, the respondent also sought to introduce written reports of juror interviews prepared by investigators after his trial which purported to demonstrate that the jury based its conviction solely on the Barrett contribution. The Board finally rejected introduction into evidence of various newspaper articles which described how other public officials had used campaign funds. This evidence sought to establish that the respondent's conduct was similar to the way in which other public officials used campaign funds and merely reflected the manner in which campaigns are commonly financed.

Although the respondent contends that exclusion of all of this testimony was error, and that this court should consider it as if it were properly admitted, we conclude it was properly rejected. The written reports of interviews with jurors were properly excluded. These reports were not those of the jurors themselves, but were interpretations of the jurors' statements made by investigators who authored the reports. Neither the jurors nor the authors of the reports were available for cross-examination. The same is true of the newspaper articles concerning the manner in which other public officials used campaign funds. The hearing panel did admit letters written by three judges for the purpose of the disciplinary proceeding. These letters were offered by the respondent and admitted into evidence. The Administrator does not raise any question as to the admissibility of these letters.

The letters offered by the respondent which were not admitted, which the respondent complains of here, had been written by their authors for consideration by the

sentencing judge in determining the sentence to be imposed for the criminal conviction. When offered at the disciplinary hearing, they were objected to on the grounds of relevance. They were offered as a group exhibit which contained many letters. The hearing panel held them not to be relevant to this proceeding. We find that the ruling on this objection was proper.

These letters were addressed to a different forum and were written for a different purpose. Many of the letters specifically referred to the respondent's conviction and the sentencing proceeding. The foundation laid for their admission was that they had been admitted into a criminal trial as part of the presentence investigation. There is no attempt to show their relevance to the disciplinary proceeding. It may be that the contents of some of these letters would have relevance to the issues now before this court. However, these letters were all offered and ruled on as one group exhibit. Those that may have relevance to this case were not tendered separately. We find no error in the ruling on this group exhibit.

Since the establishment of the Attorney Registration and Disciplinary Commission, this court has not addressed the hearsay question as it relates to the admissibility of letters and affidavits before the hearing panel. Our Rule 753(c) (87 Ill. 2d R. 753(c)), while not mentioning rules of evidence, states:

> "Proceedings before the Hearing Board shall be conducted according to the practice in civil cases as modified by rules promulgated by the Commission pursuant to Rule 751(a)."

The Attorney Registration and Disciplinary Commission has not provided for rules of evidence applicable to hearings before the Hearing Board. Thus, although our rule has the general provision quoted above, nothing in the rules of this court or the rules of the Commission directly

addresses rules of evidence before the Hearing Board.

The Administrator has alternatively argued that the documents were properly rejected under the hearsay rule. As noted above, this court has not passed on the admissibility of hearsay letters and affidavits in hearings before the Hearing Board. However, in *In re Kuta* (1981), 86 Ill. 2d 154, and *In re Friedman* (1979), 76 Ill. 2d 392, this court specifically referred to affidavits that had been introduced before the Hearing Board, but did not consider whether such documents were properly admitted. Since we find that the offered letters were properly excluded on other grounds, the hearsay question must await another case.

Findings of the hearing and review boards, based on properly admissible evidence, are entitled to virtually the same weight as those of any other trier of fact. (*In re Hopper* (1981), 85 Ill. 2d 318, 323.) Evaluating the properly admissible evidence, we conclude that the Administrator has proved by clear and convincing evidence that the respondent engaged in serious misconduct which merits discipline.

Conviction of a crime involving moral turpitude is conclusive evidence that grounds for imposing discipline exist. This court will not go behind the conviction. (*In re Callas* (1980), 82 Ill. 2d 6, 14.) However, other evidence may be considered for the purpose of determining the appropriate discipline to be imposed. (*In re Andros* (1976), 64 Ill. 2d 419, 423-24; *In re Crane* (1961), 23 Ill. 2d 398, 400.) The filing of false and fraudulent income tax returns is a crime involving moral turpitude. Conviction thereof is conclusive evidence of guilt and justifies disciplinary action. *In re Shavin* (1968), 40 Ill. 2d 254.

Respondent, although charged with filing false and fraudulent tax returns in five counts, was only convicted of one count, filing a false and fraudulent tax return for 1972. In this court respondent argues that actually the jury con-

sidered only the omission of one item from his income tax return, a gift of $5,000 from Edward Barrett. Respondent argues that determining whether the contribution was income or a gift was a judgment call. We cannot accept this argument.

Respondent is attempting to go behind the conviction. In his brief, respondent states that the Court of Appeals for the Seventh Circuit, in affirming the conviction, "noted that the Barrett payment was logically the only thing upon which the jury could, with consistency, have based the conviction," citing *United States v. Scott* (7th Cir. 1981), 660 F.2d 1145, 1177. We do not read the statement of the court relied upon by the respondent as conveying that meaning. The court of appeals analyzed both the government's net-worth case against respondent and its specific-items-omitted case. The court found that the government's net-worth case proved that respondent had understated his 1972 adjusted gross income "by more than $22,153." (*United States v. Scott* (7th Cir. 1981), 660 F.2d 1145, 1148.) The court, in analyzing the government's specific-items-of-income case against respondent, listed several items of income, in addition to the Barrett payment, which the government had shown had been omitted from the 1972 tax return. The court discusses these items in detail in its opinion. We need not set them forth in detail here. (See *United States v. Scott* (7th Cir. 1981), 660 F.2d 1145, 1157-60.) The court of appeals found that all of this evidence, including the Barrett payment, supported the jury's finding that the respondent was guilty of the offense charged in count I of the indictment. We will not again analyze the evidence in this criminal case and say that, in reality, the jury found that the respondent had only failed to report the $5,000 contribution of Barrett. As this court stated in *In re Crane* (1961), 23 Ill. 2d 398, 400:

"To consider evidence of this nature would open up a

highly speculative area and would serve no useful purpose in a disciplinary proceeding."

Respondent urges that the court impose no greater sanction than censure. He bases his belief that this is a proper degree of discipline on the assumption which we rejected above that the $5,000 contribution from Barrett was the only proof of unreported income.

In *In re Walker* (1977), 67 Ill. 2d 48, this court censured respondent, who had been indicted for filing false income tax returns. In that case, Walker had entered a plea of *nolo contendere* and had been fined $5,000. The regional counsel for the Internal Revenue Service had stated in a report that it was felt that the unreported receipts "lacked a criminal intent." (*In re Walker* (1977), 67 Ill. 2d 48, 51.) The failure to report income was due primarily to a shoddy bookkeeping system. In the case now before us, however, in light of the jury's verdict, we cannot say that the respondent lacked fraudulent intent as was stated in *In re Walker*. We therefore deem censure inappropriate.

The respondent was elected Attorney General of this State four times. He has also served one term as State Treasurer. Eleven witnesses testified on behalf of the respondent before the hearing panel. These included a number of prominent attorneys and State and Federal judges. These witnesses testified as to the high caliber of the respondent's performance as a public official and as to his excellent reputation for truth, veracity and integrity, both before and after his conviction. They also stated that in their opinion respondent possesses the moral character and qualifications that make him fit to practice law.

Although respondent's conviction warrants suspension, we must balance this conclusion against the mitigating evidence that has been presented. The purpose of disciplinary proceedings is to safeguard the public and maintain the integrity of the legal profession. (*In re Spencer* (1977), 68 Ill.

2d 496, 501.) In tax-fraud cases this court has imposed a range of sanctions from three years' suspension to censure (*In re Coburn* (1982), 92 Ill. 2d 472 (three years' suspension); *In re Teitelbaum* (1958), 13 Ill. 2d 586 (three years' suspension); *In re Sullivan* (1965), 33 Ill. 2d 548 (three years' suspension); *In re Shavin* (1968), 40 Ill. 2d 254 (two years' suspension); *In re Revzan* (1965), 33 Ill. 2d 197 (two years' suspension); *In re Greenberg* (1961), 21 Ill. 2d 170 (two years' suspension); *In re Walker* (1977), 67 Ill. 2d 48 (censure); *In re Crane* (1961), 23 Ill. 2d 398 (censure)). The respondent was suspended from practice pursuant to our Rule 761 (73 Ill. 2d R. 761) on October 15, 1981. The mitigating evidence clearly demonstrates that the purpose of the disciplinary process in this case is fulfilled without a suspension longer than that already served. At the present time the respondent has been suspended from practice because of this conviction for nearly two years. This period of suspension falls within the range of the sanctions usually imposed for similar offenses in the cases cited above. Although each disciplinary case is unique, a degree of uniformity in the discipline imposed in similar cases should be sought. (*In re Clayter* (1980), 78 Ill. 2d 276.) It is therefore the order of this court that the respondent be suspended from the practice of law for a period of two years from October 15, 1981, the date on which he was suspended under our Rule 761.

*Respondent suspended.*