Martha J. Barnes, Individually, and Mark E. Barnes, a Minor, by His Mother and Next Friend, Martha J. Barnes and Harold Barnes, Plaintiffs-Appellees, v. Richard Croston, Holiday Delight Baking Company, and Frank J. Haralamus, Defendants.
On Appeal of Holiday Delight Baking Company, a Corporation, and Frank J. Haralamus, Defendants-Appellants.

Gen. No. 52,907.

First District.

April 7, 1969.

Tom L. Yates, of Chicago (Carl E. Abrahamson, of counsel), for appellants.

Coghlan, McGloon, Joyce & Murphy, of Chicago, (Martin D. Coghlan, of counsel), for appellees.

MR. JUSTICE SMITH delivered the opinion of this court.

Holiday Delight Baking Company and Frank J. Haralamus appeal from judgments entered against them to compensate Martha J. Barnes and Mark E. Barnes for personal injuries, and Harold Barnes for damage to his automobile arising out of an automobile accident. The defendant, Richard Croston, against whom judgment was also entered, does not appeal. Errors assigned are: (1) The verdict on the question of negligence is against the manifest weight of the evidence, (2) the trial court should have directed a verdict in favor of the two appealing defendants on the ground that Croston was the sole and proximate cause of the injuries, (3) the verdicts are excessive, and (4) it was error to admit into evidence defendant Haralamus' plea of guilty to driving a motor vehicle with defective brakes.

Haralamus, a truck driver for the baking company, was proceeding north in the right-hand lane of the three-lane Calumet Expressway. Due to traffic, he "jumped" on his brakes. His truck began to weave and tipped over on its side across the second and third lanes of traffic. He did not see the collision between Martha Barnes and the defendant Croston nor did he observe either vehicle before he got out of the truck.

Martha Barnes was driving her husband's automobile, accompanied by her young son. She was proceeding north in the inner or third lane closest to the median strip. She passed the automobile of Croston and returned to the third lane and continued north. She saw the Holiday truck overturned when she was about five or six car lengths from the truck and traveling about 55 mph. She came to a complete stop without striking

183

or making any contact with the truck. The defendant Croston struck the rear end of her automobile causing injuries to herself, her son, and her husband's car. Croston was represented at the trial by an attorney, but did not appear nor did he testify. The finding of negligence as to him is thus a finality.

Haralamus was issued a traffic citation, appeared in court and pleaded guilty to driving with defective brakes. His explanation for so doing was that he had a route to make, was in a hurry and that the traffic judge asked about fifty of them to stand together and accepted their mass plea of guilty without taking any testimony. The record of his conviction was admitted into evidence. The defendants' contention that this was error is without merit. The explanation is for the consideration of the jury. In Galvan v. Torres, 8 Ill App2d 227, 232, 131 NE2d 367, 369, the court stated:

> "A plea of guilty to a criminal indictment for assault and battery is admissible in evidence in a civil case based upon the same assault and battery as it is an admisson against interest. (Young v. Copple, 52 Ill App 547; Cammarano v. Gimino, 234 Ill App 556.) The defendant did not seek to explain his plea of guilty, nor was he asked by his counsel why he pleaded guilty. Such evidence would have been admissible."

In Gould v. Country Mutual Cas. Co., 37 Ill App 2d 265, 185 NE2d 603, the procedure followed by the trial court in the case at bar was specifically approved. The problem was discussed at length and the court concluded that the record of a guilty plea is admissible in a subsequent civil action against defendant in the civil case as a judicial admission subject to explanation and contradictions and may be received, weighed, and considered by the jury in connection with all of the other

evidence in the case. Common sense recommends this rule. See 18 ALR2d 1287. The defendants also contend that the negligence of Croston was the sole, proximate cause of the accident and the injuries sustained. The record clearly establishes that the negligence of Haralamus and his employer, the baking company, created the condition existing on the highway. We would note that the plaintiffs had successfully stopped for a short time before Croston crashed into the rear of their automobile. Absent Croston, then nobody would have been hurt. Plaintiffs had no difficulty in stopping and there appears to be no logical reason or explanation for Croston running into their automobile.

In Anderson v. Jones, 66 Ill App2d 407, 213 NE2d 627, we discussed the problem shown by this record. In that case, it appeared that some three to ten minutes elapsed from the time of the original accident on the highway and the time when the second collision occurred. We there held that there was a clear cutoff lapse of time and that the forces generated by the first accident had come to an end and everything was then in repose. The majority then held that the second accident was a result of intervening negligence which was insulated by a lapse of time from the negligence which created the condition existing on the highway. Mrs. Barnes testified that she was driving at 55 mph just preceding the accident and that she just had time to turn to ask her boy if he was o.k. after she came to a stop when her car was struck in the rear. On her deposition, she had indicated that some 30 seconds elapsed from the time she stopped after she passed Croston and returned to her lane and the impact. If Croston was traveling at the rate of 50 mph, he would be traveling approximately 73 feet per second or approximately 2,200 feet. Such circumstances would furnish a basis from which the jury might reasonably conclude that his negligence was the sole cause of the accident. On the contrary,

185

Haralamus testified that he did not see the occurrence, Mark testified that their car was still rolling when it got hit and was moving slightly, and Mrs. Barnes testified that she just turned her head to the boy and asked him if he was all right when the collision occurred. Thus, this is a case typical for the determination of the jury as to whether or not sufficient time elapsed to insulate the negligence of the defendants in creating the condition on the highway from the negligence of Croston in striking the Barnes car. On the record before us, that choice is properly made by the jury and cannot be determined as a matter of law by this court.

On this record, we cannot say that the verdict of the jury on the question of negligence is against the manifest weight of the evidence nor the judgment in favor of Martha for $3,200, in favor of Mark for $1,200, and in favor of Harold for $1,277.52 is against the manifest weight of the evidence, nor that the damages allowed by the jury are excessive. The judgments are affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.