**William J. CROT, Plaintiff-Appellant,**

v.

**Jane BYRNE, City of Chicago, an Illinois Municipal Corporation, John Donovan, and John Winkler, Defendants-Appellees.**

No. 90–3418.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 16, 1991.

Decided Feb. 28, 1992.

William F. Fitzpatrick (argued), Callahan & Fitzpatrick, Oak Lawn, Ill., for William J. Crot.

Terence J. Moran, Nancy Van Allen, Office of Corp. Counsel, James H. Wolf, Wolf & Associates, Chicago, Ill., for Jane Byrne.

Frederick S. Rhine, Asst. Corp. Counsel (argued), Terence J. Moran, Nancy Van Allen, Office of Corp. Counsel, Kelly R. Welsh, Asst. Corp. Counsel, Office of Corp. Counsel, Appeals Div., Chicago, Ill., for City of Chicago.

Robert J. Weber, Terence J. Moran, Nancy Van Allen, Office of Corp. Counsel, Chicago, Ill., for John T. Donovan and John Winkler.

Before BAUER, Chief Judge, POSNER and EASTERBROOK, Circuit Judges.

BAUER, Chief Judge.

In this political firing case, we must determine whether a determination by the Illinois Industrial Commission that William Crot's discharge from employment did not cause his subsequent stroke collaterally estops him from relitigating that issue in the present action under 42 U.S.C. § 1983 (1988). The district court found the application of administrative res judicata appropriate. *See Crot v. Byrne,* 646 F.Supp. 1245 (N.D.Ill.1986). We affirm.

## I.

On October 16, 1981, Crot who held the post of Assistant Superintendent of the Bureau of Equipment Services for Chicago's Streets and Sanitation Department, received a letter from John Donovan, the Department's Commissioner, terminating his employment. Three and one-half weeks later, Crot suffered a massive cerebral vascular accident, commonly called a stroke, that left him permanently disabled.

In April 1982, Crot filed a worker's compensation claim with the Illinois Industrial Commission (the "IIC" or the Commission). In that claim, Crot alleged that the stroke resulted from work-related stress. In January 1983, the Arbitrator of the IIC, who functions as an administrative law judge, denied Crot compensation. The Arbitrator found that Crot's discharge was not "a causative factor in the stroke he later sustained." Notice and Decision of Arbitrator, Defendants' Appendix at A–3. Crot appealed the arbitrator's decision to the IIC. In May 1986, the Commission affirmed the arbitrator's decision. Crot then sought review of the Commission's decision in the Circuit Court of Cook County.

While he pursued his worker's compensation claim with the IIC, Crot filed a five-count complaint in federal district court against the City of Chicago (the "City"), former Mayor Jane Byrne, Donovan, and Donovan's First Deputy Commissioner, John Winkler (collectively, "the defendants"). The complaint essentially charged that politics motivated Crot's firing. Count I charged that the defendants fired Crot in violation of the First and Fourteenth Amendments of the Constitution and sought relief under 42 U.S.C. §§ 1983 and 1985(3). In count II, Crot claimed that his discharge violated a consent decree entered in *Shakman v. Democratic Organization of Cook County,* 481 F.Supp. 1315, 1356–59 (N.D.Ill.1979). In counts III and V, Crot asserted pendent state-law claims for the intentional infliction of emotional distress, and in count IV, Linda Crot asserted a pendent state-law claim for loss of consortium. Crot sought compensatory and punitive damages, as well as reinstatement to his former position. Crot's stroke formed one of Crot's claims for damages because, as Crot alleged, the defendants' conduct caused the stroke and the resultant medical expenses, pain, permanent brain damage, and the diminution of his earning ability.

After the parties filed and briefed a variety of motions, Crot voluntarily moved to dismiss his *Shakman* claim (count II) and his request for reinstatement because the City rehired him for another position in December 1983. The district court granted Crot's motion to dismiss count II, and granted the defendants' motion to dismiss Crot's § 1985(3) claims and his prayer for punitive damages. In their answer, the defendants asserted that IIC's denial of Crot's claim for compensation for injuries resulting from job-related stress, collaterally estops Crot from relitigating in the instant suit his claim for damages due to the stroke. Specifically, the defendants argued that the Commission's determination that Crot's discharge did not cause the stroke should estop Crot from presenting the same causation argument in the pending case. The defendants then moved for summary judgment.

In September 1986, the district court granted the defendants' motion in part. The court dismissed counts II, IV, and V of the complaint (the Crots' pendent state-law claims) for failure to file a timely notice of claim. The court denied the defendants' motions to dismiss count I (the section 1983 claim) which left that count as the only remaining claim. The district court agreed with the defendants that the adverse decision of the IIC in Crot's worker's compensation case collaterally estopped him from claiming that the defendants' actions caused his stroke. Nevertheless, because the Circuit Court of Cook County might reverse the IIC's finding, the district court held that "the wisest course of action is to stay trial until the Circuit Court action and, should one follow, any appeal to the Illinois Supreme Court, are concluded." *Crot,* 646 F.Supp. at 1257.

In December 1988, the Circuit Court of Cook County granted Crot's motion to dismiss voluntarily and with prejudice his suit

that sought review of the IIC's decision. In October 1990, the parties entered into a settlement agreement under which the City agreed to the entry of judgment against it in the amount of $95,000, including all attorney's fees and costs. In exchange, Crot agreed to dismiss his claims against all parties. Crot retained, however, his right to appeal the district court's September 1986 decision. The district court entered judgment pursuant to the settlement agreement. Crot filed a timely notice of appeal.

## II.

On appeal, Crot raises a single issue: he argues that the district court erred in ruling that the decisions of the arbitrator and the IIC in his worker's compensation case collaterally estop him from claiming in this action that the political discharge caused his stroke. Crot essentially contends that collateral estoppel is inappropriate because the precise question resolved in his worker's compensation case was quite different from the crucial factual question at issue here. In the worker's compensation case, the key question was whether Crot's stroke "arose out of and in the course of his employment." *See* Ill.Rev.Stat., ch. 48, ¶ 138.2. In the present section 1983 action, the crucial issue is whether "Crot's stroke was caused by his firing." *See* Appellants' Brief at 9–10. We are not persuaded. The district court's decision finding collateral estoppel appropriate properly applied settled law to the facts of this case.

In *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), the Supreme Court declared that "when a state 'agency acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the state's courts." *Id.* at 799, 106 S.Ct. at 3225–26 (quoting *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966)). *See also Button v. Harden*, 814 F.2d 382, 384 (7th Cir.1987). In order to determine if the district court should afford a particular IIC decision preclusive effect, four conditions also must be established:

> (1) a final determination on the merits has been reached in a case, (2) the issues for which estoppel is sought were essential to that decision, (3) the party against whom estoppel is invoked had a full opportunity to address the issues in that case, and (4) the issues are identical to the issues in the case in which estoppel is sought.

*Ray v. Indiana & Michigan Electric Co.*, 758 F.2d 1148, 1150 (7th Cir.1985).

Given the requirements of *Elliott* and *Ray*, it is clear that collateral estoppel was appropriate in this action. First, the district court properly determined that IIC acted in a judicial capacity under *Elliott*. The rules and procedures utilized by the Commission clearly entail the essential elements of an adjudication. Indeed, hearings before the Commission virtually are indistinguishable from judicial trials. *See Crot*, 646 F.Supp. at 1255. As the district court noted, the Commission's rules require that all parties receive notice of the hearing and an opportunity to present evidence on their own behalf and to rebut evidence presented by the opposition. Moreover, only attorneys licensed in Illinois may appear on behalf of the parties. The Commission permits these attorneys to take depositions and make opening and closing arguments at the hearing. The IIC also permits the parties to issue subpoenas to compel the attendance of witnesses and the production of documents. Finally, the Illinois Rules of Evidence apply in all proceedings. These precautions—as well as a host of others—ensure that the IIC acts in a judicial capacity. *See Restatement (Second) of Judgments* § 83 at 266–67 (1982) (administrative agency acts in judicial capacity, and its determinations are entitled to preclusive effect, when its procedures entail the essential elements of an adjudication).

Second, Crot's hearing before the IIC satisfies the four conditions set out in *Ray*. Although Crot contends that the Commission's ruling satisfies none of these conditions, we see no merit in his arguments.

First, the May 1986 opinion represents the final decision of the agency. Second, there can be no question that the causation issue—whether the discharge caused Crot's stroke—was essential to the Commission's decision to deny Crot compensation benefits. Third, Crot clearly had a full and fair opportunity to litigate before the Commission his claim that the discharge caused his stroke. As the Commission's rules of procedure demonstrate, Crot had virtually all the tools of a judicial trial at his disposal.

Crot's final argument that the IIC decision fails to satisfy *Ray*'s fourth condition (i.e. that the issue before the agency be identical to one of the issues posed in the present action) is also without merit. Crot argues—as he argued in the district court—that the issue in the present action is factual while the issue before the IIC was purely legal. *See* Appellant's Brief at 11. Crot believes that the statutory language governing worker's compensation awards, that "[the injury] arose out of and in the course of his employment," *see* Ill. Rev.Stat., ch. 48, ¶ 138.2, raises a legal question while his present claim that the discharge caused his stroke merely implies a factual one.

The district court properly rejected Crot's argument. *See Crot*, 646 F.Supp. at 1257. In his complaint in the instant action, Crot asserted that "as a direct and proximate result of the defendants' conduct, the Plaintiff suffered a stroke on November 11, 1981...." *Id.* (quoting Complaint at ¶ 33). Crot presented the same factual issue in his claim for worker's compensation benefits. As Arbitrator Zenia S. Goodman noted in her January 1983 decision, "It is Petitioner's contention that the stress of his discharge was a causative factor in the stroke he later sustained." *See* Notice and Decision of Arbitrator, Defendants' Appendix at A–3. Regardless of the semantic differences between the allegations of Crot's complaint and the language of the worker's compensation statute, we have no doubt that both actions necessarily required the adjudicator to determine whether Crot's firing caused his stroke. From the plain language of Arbitrator Goodman's decision, we agree that

the Commission decided the crucial factual question of causation. The arbitrator found that "[m]edical testimony on cross-examination was basically in agrument [sic] that Petitioner could have sustained a stroke with or without any physical or emotional stress. The Arbitrator finds: That Petitioner failed to sustain his burden of proof that his present condition of ill-being is related to his employment." *Id.* Thus, the IIC decision satisfies the condition that the issue sought to be precluded in the present action be identical to the issue resolved in the previous case. Consequently, the dictates of *Elliott* and *Ray* are satisfied. The district court, then, properly estopped Crot from relitigating the causation issue in this action.

### III.

For the foregoing reasons, we AFFIRM the judgment of the district court.