972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James ANDERSON, Plaintiff-Appellant,
v.
Pearl WILSON, individual and official capacity, Norma
Mutton, individual and official capacity, and
United States Deputy Marshall Kelly
Murphy, individual and
official capacity,
Defendants-
Appellees.
 No. 91-2954.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1992.*
Decided Aug. 10, 1992.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 James Anderson was convicted by a jury of conspiring to possess heroin and cocaine with the intent to deliver. His first conviction was overturned by this court, and the case remanded for a new trial. United States v. Douglas, 818 F.2d 1317 (7th Cir.1987). Following the reversal of his conviction, federal marshals transported him from the federal prison in Terre Haute, Indiana, to the Peoria County Jail. Anderson was convicted of these narcotic offenses in the second trial.
 
 
 2
 Anderson brought several post-trial motions challenging his conviction. In one motion, he contended that the Peoria County Jail officials, in concert with Federal Marshal Kelly Murphy, refused to allow him access to his legal materials, and instead, shipped a box of materials to his mother. The appellant claimed that these actions hampered his ability to prepare his own defense, violating due process and the First Amendment.
 
 
 3
 The district court judge thoroughly investigated Anderson's claim, holding three hearings on the matter in which several witnesses testified. The judge presiding over the criminal trial denied Anderson's motion for a new trial, finding no violation. First, the judge noted that the defendant was represented by counsel during the second trial. There was also evidence that Anderson was told that he could keep his legal materials, but that he was instructed to pack a box with his excess personal belongings which could not be kept at the jail. Finally, witnesses testified that jail policy gave an inmate options concerning legal material. An inmate could take possession of all his legal materials if electing placement in intake segregation. If the inmate preferred, as did Anderson, to reside in the regular cell block, he could retain a limited amount of legal material which could be exchanged for other legal papers. Based on these facts, the trial court found no constitutional violation. Anderson appealed his conviction, but failed to raise his claims concerning access to his legal materials. We affirmed. United States v. Anderson, 896 F.2d 1076 (7th Cir.1990).
 
 
 4
 Anderson filed this action under 42 U.S.C. § 1983 again alleging constitutional violations stemming from the alleged denial of access to his legal materials before his second trial. The district court judge first dismissed the federal defendant, Marshal Murphy, finding that Murphy did not act under color of state law. Anderson brought a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59, or in the alternative, a motion to amend his complaint so that he could correctly state a Bivens claim against this federal defendant. The district court later granted summary judgment to the state defendants finding that this suit is barred by collateral estoppel.[1] Anderson argues that this suit is not precluded by the earlier proceedings which followed his criminal trial. He also claims error in the denial of his Rule 59 motion.
 
 
 5
 Four conditions must be satisfied before collateral estoppel will bar the relitigation of an issue:
 
 
 6
 (1) a final determination on the merits has been reached in a case, (2) the issues for which estoppel is sought were essential to that decision, (3) the party against whom estoppel is invoked had a full opportunity to address the issues in that case, and (4) the issues are identical to the issues in the case in which estoppel is sought.
 
 
 7
 Crot v. Byrne, 957 F.2d 394, 396 (7th Cir.1992). "Collateral estoppel, or issue preclusion, may be applied in civil trials to issues previously determined in a criminal conviction." Appley v. West, 832 F.2d 1021, 1026 (7th Cir.1987).
 
 
 8
 Anderson only challenges the finding that he had a full and fair opportunity to present his claim during the post-conviction hearings. He complains that the criminal trial court judge did not allow him to present certain witnesses who would support his claim. He also contends that the defendants lied when they testified at the post-conviction hearings. Anderson, however, failed to raise these issues on his direct criminal appeal. Even if the judge presiding over the criminal trial erred by not allowing these witnesses to testify and accepted the defendants' purportedly fraudulent testimony, Anderson's failure to appeal forecloses our consideration of these issues. "[H]aving failed to perfect an appeal, [he is] bound by this decision and [is] precluded from bringing a subsequent suit, asserting essentially the same claims." Shaw v. Merritt-Chapman & Scott Corp., 554 F.2d 786, 789 (6th Cir.) cert. denied, 434 U.S. 852 (1977).
 
 
 9
 [F]ailure to appeal an adverse judgment negates the preclusive effect of that judgment only when review was unobtainable "as a matter of law." ... Where review is available but is not sought, estoppel applies.
 
 
 10
 Pinkney v. Keane, 920 F.2d 1090, 1096 (2nd Cir 1990), cert. denied, 111 S.Ct. 2824 (1991). See also Federated Department Stores, Inc. v. Moitie, 452 U.S. 394 (1981) (res judicata applies, even if first decision is erroneous, where no appeal is taken). Anderson takes issue with the judge's rulings during the criminal proceeding. His remedy was to raise these challenges on his direct criminal appeal. He did not do so, and he cannot now ask another federal court to reach a different conclusion.
 
 
 11
 Because Anderson's claim is barred by collateral estoppel, the district court did not err by refusing to let him file a second amended complaint to obtain jurisdiction over the federal defendant. Collateral estoppel also bars the suit against Marshal Murphy.
 
 
 12
 For the foregoing reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 During consideration of this appeal, we noted a possible jurisdictional problem that merits some discussion. The district court granted summary judgment to defendant Murphy on December 7, 1988. Anderson filed a Rule 59 motion to alter or amend the judgment, and the district court stayed consideration of this motion. The district court never directly ruled on this motion. However, "[f]inal judgment necessarily denies pending motions." Dunn v. Truck World, Inc., 929 F.2d 311, 313 (7th Cir.1991)
 A problem arises, however, because the district court never entered a separate judgment in this case as required by Fed.R.Civ.P. 58. We therefore need to decide whether the August 7, 1991, Memorandum and Order granting summary judgment to the state defendants is a "final judgment" as to all defendants. The order noted that the court previously granted Murphy's motion for summary judgment. The order then discussed the state defendants' claim that the suit is barred by collateral estoppel. The order concluded: "IT IS THEREFORE ORDERED that the defendants Pearl Wilson and Norma Muttons' motion for summary judgment is granted. The case is terminated." The district court docket entry states: "ORDER ... granting deft's motion for summary judgment terminating the case."
 The absence of a Rule 58 separate judgment does not defeat appellate jurisdiction where "the District Court clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final judgment in the case." Bankers Trust v. Mallis, 435 U.S. 381, 387 (1978). "In general, a decision is final for the purposes of [28 U.S.C.] § 1291 if it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment." American Nat. Bank and Trust v. Secretary of HUD, 946 F.2d 1286, 1288 (7th Cir.1991). The statement in the order that Murphy had previously been dismissed from the suit, coupled with the district court's unequivocal language that the case is terminated, suggest a final judgment. The parties clearly considered the order to be final. Finally, Anderson's claim against Murphy would also be barred by collateral estoppel. Once the district court determined that collateral estoppel precluded the § 1983 action, the claim against Murphy "could not logically survive [the] grant of summary judgment in favor of" the state defendants. American Nat. Bank and Trust, 946 F.2d at 1290. The August 7 memorandum and order is a final judgment, and we have jurisdiction over this appeal.