Valeria SMITH, Plaintiff,

v.

Michael F. SHEAHAN, Sheriff of Cook County, individually and in his official capacity, and Ronald Gamble, Defendants.

No. 95 C 7203.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 7, 1997.

Lawrence A. Rosen, Lawrence, Kamin, Saunders & Uhlenhop, Chicago, IL, for Plaintiff.

Nancy M. Black, Sally A. Comin, John J. Murphy, Office of Cook County State's Attorney, Gregory E. Kulis, Kathleen T. Coyne, Gregory E. Kulis & Associates, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiff Valeria Smith was employed as a correctional officer at the Cook County Jail. She alleges that, on August 30, 1992, she was physically attacked by defendant Ronald Gamble, another correctional officer. Also named as a defendant is the Cook County Sheriff, who has authority over the Cook County Jail. The complaint contains two

counts. Count I is a Title VII hostile work environment claim against the Sheriff. Count II is a state common law tort action against Gamble for assault and battery. In answering the complaint, Gamble admitted that he was found guilty in a criminal court of battering plaintiff. Plaintiff moves for judgment on the pleadings as to Gamble's liability on the ground that the criminal conviction prevents him from denying the facts necessary to hold him liable on the battery claim. In response to the motion, defendant also admits that, at his criminal trial, he raised the defense of self-defense. Gamble opposes the motion for judgment on the pleadings on the ground that Illinois law only allows a criminal conviction to be used as *prima facie* evidence of the underlying conduct, not as conclusive evidence of that conduct.

■ This court must accord a state court judgment the same preclusive effect that the state court would accord it. 28 U.S.C. § 1738; *Rekhi v. Wildwood Industries, Inc.,* 61 F.3d 1313, 1317 (7th Cir.1995); *Wozniak v. County of DuPage,* 845 F.2d 677, 680 (7th Cir.1988). The general rule in Illinois is that collateral estoppel is applied when the following requirements are satisfied:

> (1) the party against whom the estoppel is asserted was a party to the prior adjudication, (2) the issues which form the basis of the estoppel were actually litigated and decided on the merits in the prior suit, (3) the resolution of the particular issue was necessary to the court's judgments, and (4) those issues are identical to the issues raised in the subsequent suit.

*Wozniak,* 845 F.2d at 682–83 (quoting *County of Cook v. MidCon Corp.,* 773 F.2d 892, 898 (7th Cir.1985)). *Accord Prymer v. Ogden,* 29 F.3d 1208, 1212 (7th Cir.), *cert. denied,* 513 U.S. 1057, 115 S.Ct. 665, 130 L.Ed.2d 599 (1994); *Freeman United Coal Mining Co. v. Office of Workers' Compensation Program,* 20 F.3d 289, 293 (7th Cir. 1994). The party against whom estoppel is asserted must also have been provided with a full and fair opportunity to litigate the issue

in the prior action. *Prymer,* 29 F.3d at 1213; *Crot v. Byrne,* 957 F.2d 394, 396 (7th Cir. 1992).

Illinois law, though, is not entirely clear as to the application of the ordinary collateral estoppel rules when the prior judgment is a criminal conviction. If the underlying judgment were a federal conviction, it would be clear that there could be a conclusive effect accorded a criminal judgment. See *Instituto Nacional De Comercializacion Agricola (Indeca) v. Continental Illinois National Bank & Trust Co.,* 858 F.2d 1264, 1271 (7th Cir.1988); *In re Teltronics, Ltd.,* 649 F.2d 1236, 1239 (7th Cir.1981). The Illinois courts, however, do not always accord a criminal conviction in one of its courts a conclusive effect, sometimes only treating it as *prima facie* evidence of the facts upon which the conviction is based. *See Thornton v. Paul,* 74 Ill.2d 132, 23 Ill.Dec. 541, 547–48, 384 N.E.2d 335, 341–42 (1978); *Brown v. Green,* 738 F.2d 202, 206 (7th Cir.1984). Although this is sometimes recited as being a uniform rule for criminal convictions, different rules have been applied under different circumstances. Applying different rules based on the particular circumstances would be consistent with Illinois's rule that collateral estoppel is to be applied only when it will not create an injustice. See *Kessinger v. Grefco, Inc.,* 173 Ill.2d 447, 465, 466, 220 Ill.Dec. 137, 145, 146, 672 N.E.2d 1149, 1157, 1158 (1996);[1] *Talarico v. Dunlap,* 281 Ill. App.3d 662, 217 Ill.Dec. 481, 483, 667 N.E.2d 570, 572 (1st Dist.), *appeal denied,* 168 Ill.2d 627, 219 Ill.Dec. 577, 671 N.E.2d 744 (1996).

■ Under various circumstances, it has been held that criminal convictions may only be used as *prima facie* evidence and will not be accorded a conclusive effect. In disputes between an insurer and insured regarding coverage for tort suits based on conduct for which the insured was also convicted of a crime, the conviction is only *prima facie* evidence of the insured's conduct or intent. *Thornton,* 23 Ill.Dec. at 547–48, 384 N.E.2d at 341–42; *Bay State Insurance Co. v. Wilson,* 96 Ill.2d 487, 71 Ill.Dec. 726, 728, 451

---

1. Although the prior judgment was a federal court judgment, *Kessinger* applies principles of Illinois law.

N.E.2d 880, 882 (1983); *State Farm Fire & Casualty Co. v. Shelton,* 176 Ill.App.3d 858, 126 Ill.Dec. 286, 289, 531 N.E.2d 913, 916 (1st Dist.1988), *appeal denied,* 125 Ill.2d 574, 130 Ill.Dec. 489, 537 N.E.2d 818 (1989). *See also Wright v. City of Danville,* 267 Ill.App.3d 375, 204 Ill.Dec. 681, 688, 642 N.E.2d 143, 150 (4th Dist.1994) (municipal indemnity— *dictum).* In an adoption proceeding, a prior conviction was limited to being *prima facie* evidence that the natural father had committed rape. *Smith v. Andrews,* 54 Ill.App.2d 51, 203 N.E.2d 160, 164–66 (2d Dist.1964), *cert. denied,* 382 U.S. 1029, 86 S.Ct. 655, 15 L.Ed.2d 543 (1966). The Seventh Circuit has held that, in suits pursuant to 42 U.S.C. § 1983 involving police conduct, a prior conviction of the plaintiff arising from the same event may only be used as *prima facie* evidence of the plaintiff's criminal conduct. *Brown,* 738 F.2d at 206. *Accord Calusinski v. Kruger,* 24 F.3d 931, 934 (7th Cir.1994); *Hill v. Miller,* 878 F.Supp. 114, 116 (N.D.Ill. 1995); *Johnson v. City of Chicago,* 712 F.Supp. 1311, 1314 (N.D.Ill.1989); *Garland v. Schulz,* 1995 WL 31518 *3 (N.D.Ill. Jan.26, 1995). In *O'Dell v. Dowd,* 102 Ill.App.3d 189, 57 Ill.Dec. 650, 653–54, 429 N.E.2d 548, 551– 52 (4th Dist.1981), a wrongful death suit involving an automobile accident, it was held that a conviction for a traffic offense (to which the defendant had pleaded guilty) was admissible as *prima facie* evidence that the defendant had been driving too fast for conditions. The Illinois Supreme Court, however, subsequently held that traffic convictions are not admissible evidence and may not be a basis for collateral estoppel. *Thurmond v. Monroe,* 159 Ill.2d 240, 201 Ill.Dec. 112, 115– 16, 636 N.E.2d 544, 547–48 (1994) (*"Thurmond II"*). Illinois Appellate Court cases had previously reached that conclusion and construed *O'Dell* as being consistent by limiting *O'Dell* to a holding that the guilty plea (not the conviction) was the properly admissible evidence in the *O'Dell* case. *See Thur-*

*mond v. Monroe,* 235 Ill.App.3d 281, 176 Ill.Dec. 350, 354, 601 N.E.2d 1048, 1052 (1st Dist.1992) (*"Thurmond I"*), *aff'd, Thurmond II, supra; Hengels v. Gilski,* 127 Ill.App.3d 894, 83 Ill.Dec. 101, 112, 469 N.E.2d 708, 719 n. 7 (1st Dist.1984). Such a limitation is consistent with *O'Dell's* citation to *Barnes v. Croston,* 108 Ill.App.2d 182, 247 N.E.2d 1, 2– 3 (1st Dist.1969). *O'Dell,* however, does not stand as controlling precedent that a conviction cannot be used offensively as conclusive evidence in a subsequent tort action against the criminal defendant based on the same conduct.

Before turning to those cases according a conviction a conclusive effect, it is noted that there are inconsistent holdings with respect to whether there is a distinction between cases in which the conviction followed a trial on the merits and cases in which the conviction followed a guilty plea.[2] *Smith,* 203 N.E.2d at 164–66, was the first Illinois case to permit the use of a criminal conviction itself as evidence. The *Smith* court distinguished its ruling from the admission into evidence of guilty pleas, which had previously been held to be an admissible form of evidence as an admission against interest. *Id.* at 163–64 (citing *Galvan v. Torres,* 8 Ill. App.2d 227, 131 N.E.2d 367 (2d Dist.1956)). Prior to 1986, it was established that, as an admission against interest, the guilty plea was not conclusive and contrary evidence could be presented. *See id.; Country Mutual Insurance Co. v. Duncan,* 794 F.2d 1211, 1215 (7th Cir.1986) (collecting cases). However, only 16 days after *Duncan,* the Seventh Circuit held that, where a conviction in the Illinois courts is based on a guilty plea (not a trial), the conviction will be accorded a conclusive effect in subsequent litigation. *Rodriguez v. Schweiger,* 796 F.2d 930, 933 (7th Cir.1986), *cert. denied,* 481 U.S. 1018, 107 S.Ct. 1899, 95 L.Ed.2d 506 (1987) (quoting & citing *Brown,* 738 F.2d at 206).[3] *See also Charles v. Cotter,* 867 F.Supp. 648, 656 & n. 2

---

2. Gamble was convicted following a trial on the merits, not a guilty plea. A consideration of guilty pleas, however, is necessary in order to determine whether Illinois precedents involving convictions following guilty pleas provide substantial guidance in the present case or are largely distinguishable based on a different rule being applicable.

3. On reconsideration, the inconsistency with *Duncan* was argued to the court, but the court found it unnecessary to resolve any inconsistency. *See Rodriguez,* 796 F.2d at 935.

(N.D.Ill.1994). *Rodriguez,* however, appears to be based on a misreading of what *Brown,* 738 F.2d at 206, meant by use of the guilty plea as an "admission." *Brown* simply recited the rule set forth in *Smith. Smith* and *Duncan* make clear that the rule was that the guilty plea was admissible and could only be used as an *admission* against interest.

To properly interpret many of the cases involving guilty pleas, it must be recognized that use of a guilty plea as evidence is a separate question from use of the conviction. *See Thurmond II,* 201 Ill.Dec. at 115, 636 N.E.2d at 547. When the conviction itself is not admissible, it has been held that the guilty plea is still admissible as an admission against interest. *See, e.g., Thurmond I,* 176 Ill.Dec. at 352–53, 601 N.E.2d at 1050–53 (traffic convictions are not admissible evidence, but guilty pleas in traffic cases can be admitted as admissions against interest); *Wright v. Stokes,* 167 Ill.App.3d 887, 118 Ill.Dec. 853, 856, 522 N.E.2d 308, 311 (5th Dist.1988) (case dismissed without adjudication of guilt following supervision, guilty plea is still admissible as admission against interest); *People v. Powell,* 107 Ill.App.3d 418, 63 Ill.Dec. 336, 338, 437 N.E.2d 1258, 1260 (2d Dist.1982) (same). *See also Barnes,* 247 N.E.2d at 2–3 (not error to admit record of conviction of traffic offense based on guilty plea and permit rebuttal, since the guilty plea itself was admissible evidence).

Traditional application of collateral estoppel did not permit admission of a conviction based on a guilty plea because it was considered that the "actually litigated" requirement was not satisfied. *See Restatement (Second) of Judgments* § 85 cmt. b (1982). The modern trend, however, is to permit a conclusive effect to be accorded to convictions based on guilty pleas. *See* Thomas D. Sawaya, *Use of Criminal Convictions in Subsequent Civil Proceedings: Statutory Collateral Estoppel under Florida and Federal Law and the Intentional Act Exclusion Clause,* 40 U.Fla.

L.Rev. 479, 499–500 (1988). This trend is largely based on the recognition that present law imposes certain procedural requirements upon guilty pleas and most jurisdictions require that the judge find there are sufficient facts to support entry of the plea, thus making factual findings reliable and an adjudication. *See id.; Bulfin v. Eli Lilly & Co.,* 244 Ill.App.3d 785, 185 Ill.Dec. 269, 272, 614 N.E.2d 403, 406 (1st Dist.), *appeal denied,* 152 Ill.2d 555, 190 Ill.Dec. 884, 622 N.E.2d 1201 (1993);[4] *State Department of Law & Public Safety v. Gonzalez,* 142 N.J. 618, 667 A.2d 684, 690 (1995); *State Mutual Insurance Co. v. Bragg,* 589 A.2d 35, 37 (Me.1991); *Plunkett v. Commissioner,* 465 F.2d 299, 306 (7th Cir.1972). Consistent with this trend, later Illinois cases which consider the admission of a conviction generally make no reference to any distinction that previously existed between convictions based on guilty pleas and convictions based on trials on the merits. *See, e.g., Talarico,* 217 Ill.Dec. at 483–84, 667 N.E.2d at 572–73; *In re Callas,* 82 Ill.2d 6, 44 Ill.Dec. 304, 308, 411 N.E.2d 273, 277 (1980); *In re Andros,* 64 Ill.2d 419, 1 Ill.Dec. 325, 326, 356 N.E.2d 513, 514 (1976) (*nolo contendere* plea). *See also Bulfin,* 185 Ill. Dec. at 272–73, 614 N.E.2d at 406–07 (noting the prior distinction and holding Arizona law does not recognize it and that it is not required by Illinois public policy). In light of these cases and the recognition that Illinois has tended to follow the modern trend of broadening the application of collateral estoppel, *see Stevenson v. City of Chicago,* 638 F.Supp. 136, 141 (N.D.Ill.1986); *Raper v. Hazelett & Erdal,* 114 Ill.App.3d 649, 70 Ill. Dec. 394, 449 N.E.2d 268, 270 (1st Dist.1983), it is found that Illinois law presently makes no absolute distinction between convictions based on pleas and those based on a trial on the merits, but that the particulars of the plea or trial may still be considered in determining whether an issue was fully and fairly litigated and whether it is just to permit estoppel based on the conviction. *See Talar-*

4. *Bulfin* involved a prior Arizona conviction, not an Illinois conviction. The court, however, indicated that Arizona and Illinois collateral estoppel law are "essentially the same," 185 Ill.Dec. at 271, 614 N.E.2d at 405, and relied in part on Illinois precedent. *See id.* 185 Ill.Dec. at 273, 614 N.E.2d at 407. Also, *Bulfin* holds that ap-

plying estoppel based on a conviction following a guilty plea does not violate any public policy of Illinois. *Id.* (quoting Geoffrey C. Hazard, Jr., *Revisiting the Second Restatement of Judgments: Issue Preclusion & Related Problems,* 66 Cornell L.Rev. 564, 578 (1981)).

*ico,* 217 Ill.Dec. at 484–85, 667 N.E.2d at 573–74; *Bulfin,* 185 Ill.Dec. at 273, 614 N.E.2d at 407.

In a number of situations, Illinois criminal convictions have been accorded a conclusive effect. In *Benedick v. Mohr,* 233 Ill.App.3d 903, 175 Ill.Dec. 440, 600 N.E.2d 63 (5th Dist.1992), *appeal denied,* 148 Ill.2d 639, 183 Ill.Dec. 15, 610 N.E.2d 1259 (1993), Mohr pleaded guilty to embezzling her employer. The criminal trial court accepted the parties agreed upon sentence of probation, but no agreement was reached as to restitution. The criminal court resolved a factual dispute regarding the amount embezzled and imposed the amount of restitution requested by the prosecution. Benedick, the employer, subsequently brought a civil action against Mohr and it was held that Mohr was collaterally estopped from contending that the amount of funds embezzled was less than the amount found in the criminal proceeding. *Id.* 175 Ill.Dec. at 443–45, 600 N.E.2d at 66–68. *Czajkowski v. City of Chicago,* 810 F.Supp. 1428 (N.D.Ill.1992), like the present case, involved a civil claim for battery and a defendant (Garza, a police officer) who had been found guilty of battery in a criminal trial. In the criminal case, a bench trial, the trial judge had made some specific findings of fact, including that Garza had committed battery by scratching Czajkowski on her chest with his keys. In the civil case, the ordinary collateral estoppel rules were applied and it was held that Garza was conclusively estopped from disputing that he had scratched plaintiff's chest with his keys. *Id.* at 1433–34. It was also held that plaintiff was entitled to partial summary judgment for liability on her excessive force and battery claims against Garza, but only as to being scratched on the chest. *Id.* at 1437. *Czajkowski* involved essentially the same posture as the present case, offensive use of the criminal conviction for civil liability on the tort corollary of the criminal offense.

■ In attorney disciplinary proceedings, a conviction is conclusive evidence that the attorney has committed acts that subject him or her to discipline; the court will not go behind the conviction. *In re Scott,* 98 Ill.2d 9, 74 Ill.Dec. 51, 54–55, 455 N.E.2d 81, 84–85 (1983); *Callas,* 44 Ill.Dec. 304, 411 N.E.2d at 277; *Andros,* 1 Ill.Dec. at 326, 356 N.E.2d at 514. *Compare In re Owens,* 125 Ill.2d 390, 126 Ill.Dec. 563, 567, 532 N.E.2d 248, 252 (1988) (civil action in which attorney was proven by clear and convincing evidence to have committed fraud does not have preclusive effect in attorney disciplinary proceeding). *Scott, Callas,* and *Andros* all involved convictions in federal court. The Illinois Supreme Court applied a longstanding Illinois rule regarding the preclusive effect of convictions in attorney disciplinary proceedings. *See Andros,* 1 Ill.Dec. at 326, 356 N.E.2d at 514 (federal conviction) (citing *In re Needham,* 364 Ill. 65, 4 N.E.2d 19, 21 (1936) (federal conviction) (citing cases involving state prosecutions)); *In re Browning,* 23 Ill.2d 483, 179 N.E.2d 14, 16 (1961) (cited in *Andros,* 1 Ill.Dec. at 326, 356 N.E.2d at 514). While not strictly relying upon collateral estoppel, these cases are examples of criminal convictions being accorded a conclusive effect.

In *Bulfin,* Bulfin had shot three persons, killing one of them. In Arizona, he pleaded guilty to involuntary manslaughter and two counts of aggravated assault. Subsequently, he brought suit in Illinois against his physician, health maintenance organization, and two drug manufacturers alleging that his prescribed use of Xanex and Prozac had caused involuntary intoxication resulting in the shooting incident. Involuntary intoxication would have been a complete defense to the offenses for which Bulfin was convicted. The Illinois Appellate Court held that Bulfin's Arizona conviction conclusively established that he had acted voluntarily, precluding him from making a claim based on being involuntarily intoxicated. 185 Ill.Dec. at 272–73, 614 N.E.2d at 406–07. Although applying Arizona collateral estoppel law, it was also indicated that such a holding was consistent with Illinois law and it was held that such application of collateral estoppel was not in violation of Illinois public policy. *See id.* 185 Ill.Dec. at 273, 614 N.E.2d at 407.

*Talarico* applies similar principles, but reaches a different result based on distinguishing facts. In an Illinois court, Talarico had pleaded guilty to misdemeanor battery.

Alleging that various acts of aggression related to these charges had been caused by misprescription of Accutane, Talarico subsequently brought an action for medical malpractice. The effect of the Accutane could have been raised as an intoxication defense to his criminal prosecution. In the civil action, it was held that all the requirements for the application of collateral estoppel applied to the failure to raise that defense and would have estopped Talarico from bringing the malpractice action. The Appellate Court, however, further held that the plea bargain offered to Talarico removed his incentive to risk going to trial and therefore it would be unjust to apply collateral estoppel. *Talarico,* 217 Ill.Dec. at 483–85, 667 N.E.2d at 572–74. Unlike Bulfin who pleaded to offenses that still resulted in a substantial term of imprisonment, Talarico's plea bargain resulted in no incarceration. *See id.* 217 Ill.Dec. at 485, 667 N.E.2d at 574.

In *Thornton,* 23 Ill.Dec. at 548–49, 384 N.E.2d at 342–43, the Illinois Supreme Court stated that according the conviction a *prima facie* effect instead of a conclusive effect was the "better" rule to apply and that it "appear[ed]" to be the majority rule. According a criminal conviction only a *prima facie* effect, however, may no longer be the majority view. It need not be decided whether the Illinois Supreme Court would overrule prior precedent and instead follow the modern trend. *Thornton* involved insurance coverage. Illinois courts have accorded convictions a conclusive effect under other circumstances.

■ Illinois law is clear that a guilty plea itself is an admission that may be considered with other evidence. Even if *O'Dell* is read as a case limiting the use of convictions, it is distinguishable from the present case. The traffic prosecution underlying *O'Dell* only established that the defendant was traveling at an unlawful speed. The criminal conviction did not prove that the defendant was responsible for an accident. The wrongful death action required proof that excessive speed was the cause of the accident. This is unlike the present case where the criminal offense of battery closely tracks the tort of battery. A person can speed without causing an acci-

dent, but a person cannot commit the crime of battery without also committing the tort of battery. *Benedick,* on the other hand, is similar to the present case. It involved offensive use of a conviction in a tort action. In *Benedick* the determination of how much the defendant embezzled for purposes of imposing restitution was identical to the determination necessary for imposing damages in the tort action. *Czajkowski,* a case from this district, not a state court case, is a case precisely on point with the present case: offensive use of a battery conviction in a tort action for battery (and excessive force).

It appears from the reported cases that a criminal conviction is more likely to be accorded a conclusive effect where the factual posture of both cases more closely track each other. In insurance coverage cases such as *Thornton,* the tort and conviction must be considered along with the language of the insurance contract. Although *Thornton* involved a battery conviction and an express exclusion for bodily injury resulting from assault and battery, most insurance cases of this type involve exclusionary language that does not necessarily track the elements of the criminal offense. *See Argento v. Village of Melrose Park,* 838 F.2d 1483, 1496–98 (7th Cir.1988). Further, where the facts are sufficiently close, the Illinois Supreme Court has accorded a conclusive effect to a conviction in an insurance coverage case. *See Bay State,* 71 Ill.Dec. at 727–28, 451 N.E.2d at 881–82 (criminal conviction alone was only *prima facie* evidence, but considered along with facts of civil case required a conclusive determination that injury was expected and therefore there was no coverage).

In *Smith,* the question at issue in the adoption case was distinct from the question at issue in the criminal case. The controlling question to be determined in the adoption case was not whether the natural father had committed a rape, but whether he was an unfit parent because of depravity. While commission of a rape was certainly pertinent to such a determination, the criminal case did not require any finding of depravity. In cases where the conviction is used defensively against a § 1983 plaintiff, the question of whether the plaintiff's conduct constituted a

crime is generally distinct from the issue of the officer's conduct being a constitutional violation.

Cases where convictions have been accorded a conclusive effect generally involve a closer correlation between the conviction and civil action. *Benedick* and *Czajkowski* involve closely correlated criminal and civil offenses. In *Talarico* and *Bulfin*, the defendants in the criminal cases could have raised the defenses that their use of drugs caused their criminal conduct. In the civil actions against the medical providers and drug companies, they would also be required to prove their criminal behavior was caused by the drugs. To the extent the attorney discipline cases can be read as holding that any criminal offense is *a fortiori* an ethical violation, they also involve close tracking of the criminal and civil proceedings. The attorney discipline cases, though, are not strictly collateral estoppel cases and appear to be rooted in policies behind maintaining an ethical bar.

The present case is one where the offense charged and proven in the criminal case closely tracks the tort alleged in the present civil action. It is appropriate to apply the ordinary collateral estoppel rules. *Cf. Czajkowski*, 810 F.Supp. at 1433–34. Gamble does not dispute that the standard elements of collateral estoppel are present: (1) Gamble was a party to the criminal case; (2) whether he battered plaintiff Smith was actually litigated in the criminal action; (3) resolution of that issue was necessary for the determination of Gamble's guilt; and (4) the issues are identical in both cases. Gamble does not dispute that he had a full and fair opportunity to litigate the criminal action and that he had the incentive to fully contest the charges. Additionally, Gamble concedes that he also litigated the affirmative defense of self-defense. Even if he did not, he would be precluded from raising the affirmative defense in the present proceeding. *See Talarico*, 217 Ill.Dec. at 484, 667 N.E.2d at 573; *Bulfin*, 185 Ill.Dec. at 272, 614 N.E.2d at 406. It would be just to apply collateral estoppel in the present case.

■ Plaintiff's motion is granted; defendant is held liable on Count II. Plaintiff also asserts that defendant's inclusion of compar-

ative fault as an affirmative defense is inappropriate because it is not properly a defense and it is inapplicable to intentional torts such as battery. No argument or citation is provided in support of this contention. The present ruling only concerns liability. No issue is resolved regarding damages, including whether defendant may raise comparative fault.

IT IS THEREFORE ORDERED that plaintiff's motion for judgment on the pleadings on Count II [21–1] is granted. Plaintiff's motion to strike affirmative defenses [21–2] is denied. Defendant Ronald Gamble is found liable for the Count II battery claim. In open court on February 19, 1997 at 9:15 a.m., the parties shall submit an original and copy of a topbound final pretrial order in full compliance with Local Rule 5.00.