ROBERT SPIRCOFF, Indiv. and d/b/a Landmark Management, *et al.*, Plaintiffs-Appellees, v. CATHIE STRANSKI, Defendant-Appellant.

First District (1st Division)   No. 1—98—1656

Opinion filed November 2, 1998.

David F. Platek, of Chicago, for appellant.

Wolfe & Polovin, of Chicago (Richard A. Wolfe, of counsel), for appellees.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

In a prior criminal case, defendant Cathie Stranski pled guilty to, and was convicted of, felony theft over $100,000 for misappropriating monies from plaintiffs, her former employers. Defendant paid plaintiffs $25,000 in restitution. Plaintiffs filed this civil action against defendant to recover damages in excess of the $25,000 in restitution already paid by defendant. At issue on appeal is: (1) whether the trial court erred in finding that defendant's payment of restitution to plaintiffs in a prior criminal case does not bar the victim from bringing a subsequent civil action against defendant to recover additional damages; (2) whether defendant's affidavit raises a genuine issue of material fact precluding the entry of summary judgment; (3) whether defendant's guilty plea in the prior criminal action established a specific dollar amount upon which a judgment may be entered in a subsequent civil action; and (4) whether the trial court abused its discretion by sanctioning defendant. For the reasons that follow, we affirm.

## I. FACTS

Plaintiffs own, develop and manage real estate in the Chicagoland area. Plaintiffs hired defendant in June 1991 as an administrative assistant to collect rents, deposit the rent receipts into plaintiffs' bank accounts and prepare rent and cash receipt journals. Plaintiffs allege that from April 1992 to May 1995, defendant misappropriated rent receipts totalling $117,510. Specifically, defendant allegedly accepted cash rent payments from plaintiffs' tenants and kept the cash payments for her own personal use. Additionally, she allowed her friends to stay in plaintiffs' property without paying rent.

In a prior criminal case (*People v. Stranski*, 96 CR 8505 (1996)), defendant was charged with theft and, in an order entered December 19, 1996, was sentenced to 36 months' probation. Her probation was subject to the performance of 300 hours of community service and the payment of restitution to plaintiff Spircoff Realty in the amount of $25,000. Defendant tendered a check for $25,000 in court that day.

Plaintiffs filed their complaint against defendant on May 1, 1997, alleging causes of action for conversion, breach of fiduciary duty and breach of contract stemming from defendant's alleged misappropriation of funds from April 1992 to May 1995. Defendant filed a motion to dismiss on May 20, 1997, which was withdrawn on July 24, 1997. Defendant filed her answer to plaintiffs' complaint on August 18, 1997. As defendant's first and only affirmative defense, she states that her payment of $25,000 in restitution to plaintiffs in the prior criminal action constitutes a complete defense to this action. Defendant's

affirmative defense was stricken by the trial court in an order entered September 12, 1997.

On October 28, 1997, plaintiffs filed a motion for sanctions against defendant pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). The motion alleged that defendant, in her answer to plaintiffs' complaint, denied the allegation that she pled guilty in the prior criminal case to the crimes of theft and deception over $100,000. Plaintiffs assert that defendant did indeed have knowledge of her guilty plea and they attach a transcript of the plea in the criminal case in support of their contention. Defendant filed a response to the motion and attached the affidavit of defendant. The court denied plaintiffs' motion for sanctions on January 20, 1998.

Plaintiffs filed their motion for summary judgment on November 10, 1997, asking for judgment against defendant in the amount of $92,510 ($117,510 less the restitution payment of $25,000) plus costs. Plaintiffs filed a supplement to their motion for summary judgment on January 6, 1998. On January 20, 1998, the court entered summary judgment in favor of plaintiffs and against defendant in the amount of $100,000 with a credit of $25,000 for restitution paid. The order contained Supreme Court Rule 304(a) language, making it final and appealable.

On February 17, 1998, defendant filed her motion to reconsider the order of January 20, 1998, granting plaintiffs' motion for summary judgment. On February 18, 1998, the trial court entered an order finding that, "on [January 20, 1998,] a partial summary judgment was entered in favor of plaintiffs and against the defendant as to count I of plaintiffs' complaint" and dismissing the cause of action.

On February 27, 1998, plaintiffs filed a motion to vacate the portion of the January 20, 1998, order relating to the denial of plaintiffs' motion for sanctions and to reinstate the motion for sanctions they filed on October 28, 1997. Plaintiffs in their motion state that the motion for sanctions is now appropriate since defendant alleged and realleged her argument regarding the effect of a payment of restitution in a criminal case in almost every pleading filed in the case.

In an order entered March 25, 1998, the trial court denied defendant's motion for reconsideration and granted plaintiffs' motion for sanctions in the form of a fee award to plaintiffs' attorneys in the amount of $600. Defendant filed a timely notice of appeal. She appeals from the trial court's March 25, 1998, order.

## II. STANDARD OF REVIEW

■ In appeals from an order granting summary judgment, a reviewing court examines the record *de novo*. *In re Estate of Hoover*,

155 Ill. 2d 402, 411, 615 N.E.2d 736 (1993). A court must consider the affidavits, depositions, admissions, exhibits and pleadings on file and must construe the evidence strictly against the movant. *Hoover*, 155 Ill. 2d at 410. Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204 (1992). If a plaintiff fails to establish an element of its claim, summary judgment is proper. *Pyne v. Witmer*, 129 Ill. 2d 351, 358, 543 N.E.2d 1304 (1989).

## III. ANALYSIS

Defendant first argues that her payment of restitution to plaintiffs in the prior criminal case is a bar to subsequent civil litigation to recover the same item of damage only in a greater amount. We disagree.

■ The section of the Unified Code of Corrections pertaining to restitution states, in relevant part, as follows:

"(k) Nothing contained in this Section shall preclude the right of any party to proceed in a civil action to recover for any damages incurred due to the criminal misconduct of the defendant.

\* \* \*

(n) An order of restitution under this Section does not bar a civil action for:

(1) Damages that the court did not require the person to pay to the victim under the restitution order but arise from an injury or property damages that is the basis of restitution ordered by the court; and

(2) Other damages suffered by the victim." 730 ILCS 5/5—5—6(k), (n) (West 1996).

■ Here, in the prior criminal case, defendant pled guilty to the charge of felony theft over $100,000 and paid plaintiffs $25,000 in restitution. Defendant's restitution payment of $25,000 to plaintiffs does not preclude plaintiffs from filing a subsequent civil action against defendant to recover damages in excess of the $25,000 already paid which arose from defendant's misappropriation of funds from April 1992 to May 1995. See *People v. Mitchell*, 241 Ill. App. 3d 1094, 610 N.E.2d 794 (1993) (finding that restitution statute does not bar a separate civil action by the victim).

■ For her second contention, defendant submits that her affidavit precludes the entry of summary judgment. Defendant's affidavit states that she paid plaintiffs the $25,000 in restitution "in full and complete satisfaction of the damages caused by my conduct." The gist of defendant's argument is that she is not liable for damages in excess of the $25,000 she paid in restitution since her belief at the time she entered into the agreement with the State in the prior criminal action

and made her restitution payment was that the $25,000 payment would dispose of the matter. Regardless of what defendant's subjective belief was at the time she entered into the plea agreement, the law in Illinois is clear that payment of restitution in a criminal case does not bar a separate civil action by the victim. See 730 ILCS 5/5—5—6 (West 1998); *Mitchell*, 241 Ill. App. 3d at 1098.

Plaintiff argues that nothing in section 5—5—6 (730 ILCS 5/5—5—6 (West 1996)) precludes the parties from agreeing on an amount of restitution to be paid, regardless of the actual loss suffered by the victim. We agree that, in the prior criminal action, both defendant and the State were free to negotiate a plea agreement and agree to payment of $25,000 in restitution. However, the agreement by the parties to a specific dollar amount to be paid in restitution does not preclude the victim from bringing suit in a subsequent civil action to recover damages suffered in excess of that amount.

■ As defendant's third contention, she submits that her plea of guilty to the theft offense without any admission as to the value of the property taken does not provide a factual basis upon which a money judgment may be entered in a subsequent civil action. Basically, defendant argues that the specific dollar amount of damages to be paid plaintiffs is a genuine issue of material fact precluding the entry of summary judgment since defendant did not admit to taking a specific amount of money from plaintiffs and that, in the criminal case, defendant only stipulated to the fact that *if* Mr. Spircoff were called to testify, he would testify that defendant caused "a total loss of $117,510 to Spircoff Realty." Defendant submits that this is not enough to form a factual basis as to the specific amount of damages suffered.

We find defendant's argument without merit. A guilty plea is a judicial admission. *People v. Powell*, 107 Ill. App. 3d 418, 419, 437 N.E.2d 1258 (1982). The effect of a judicial admission is to withdraw a fact from contention. *Sohaey v. Van Cura*, 240 Ill. App. 3d 266, 281, 607 N.E.2d 253 (1992). "A party cannot create a question of fact for purposes of a summary judgment motion by attempting to contradict a previous judicial admission." *Sohaey*, 240 Ill. App. 3d at 281.

Moreover, Illinois law is clear that use of a guilty plea itself is admissible as an admission against interest. *Thurmond v. Monroe*, 235 Ill. App. 3d 281, 601 N.E.2d 1048 (1992) (traffic convictions not admissible, but guilty pleas in traffic cases are admissible); *Smith v. Andrews*, 54 Ill. App. 2d 51, 57, 203 N.E.2d 160 (1964) (guilty plea admissible as admission against interest); see *Smith v. Sheahan*, 959 F. Supp. 841, 844, 846-47 (N.D. Ill. 1997). Illinois courts have historically made a distinction between the admission of a guilty plea and the admission of a conviction based on a guilty plea. See *Smith v. Shea-*

*han*, 959 F. Supp. at 846. While some courts have found that a conviction based on a guilty plea is not admissible and accord the conviction only a *prima facie* effect (see Restatement (Second) of Judgments § 85, Comment *b* (1982)), the modern trend is to give the conviction a conclusive effect where the criminal and civil offenses are closely correlated. *Smith v. Sheahan*, 959 F. Supp. at 846.

In the present case, the record is clear. Defendant specifically pled guilty to the offense of felony theft over $100,000. In the prior criminal case, the following colloquy occurred:

"[THE COURT]: *** Counsel, what is the plea on behalf of your client, Cathie Stranski, to the charge of felony theft over $100,000, guilty or not guilty?

[Defendant's attorney]: Guilty, your Honor.
* * *

[THE COURT]: Is that correct, Ms. Stranski; do you wish to enter a plea of guilty to that charge[?]

[DEFENDANT]: Yes."

Defendant in open court and on the record indicated she was pleading guilty to the charge of felony theft over $100,000 by specifically answering "yes" to the court's inquiry. After stipulating to the testimony of the State's witness, the court found that "[t]here is a finding of guilty of theft over $100,000."

We find that defendant's guilty plea in her criminal case is a judicial admission. Defendant's guilty plea admits that she committed the offense of theft of an amount exceeding $100,000. In the trial court's order entered January 20, 1998, the court entered judgment against defendant in the amount of $100,000 with a credit of $25,000 for restitution paid. The trial court did not set the amount of damages at an amount in excess of the $100,000 admittedly misappropriated from plaintiffs. The court limited plaintiffs' recovery to the minimum amount admitted in the criminal case as indicated in defendant's plea, *i.e.*, $100,000. In light of all of the foregoing, no genuine issue of material fact exists that would preclude the entry of summary judgment.

■ Lastly, defendant argues that the circuit court abused its discretion by imposing an award of sanctions in favor of the plaintiffs. The law is well settled that an appellate court should give considerable deference when reviewing a circuit court's decision to impose sanctions and that decision will not be reversed absent an abuse of discretion. *Yassin v. Certified Grocers of Illinois, Inc.*, 133 Ill. 2d 458, 467, 551 N.E.2d 1319 (1990). When reviewing such a decision, it must be determined whether the circuit court's decision was informed, based on valid reasons, and followed logically from the circumstances of the case. *In re Estate of Smith*, 201 Ill. App. 3d 1005, 1010, 559 N.E.2d 571 (1990).

In the instant case, plaintiffs filed a motion for sanctions against defendant pursuant to Supreme Court Rule 137 on October 28, 1997. The court denied the motion on January 20, 1998. On February 27, 1998, plaintiffs filed a motion to vacate the portion of the January 20, 1998, order relating to the denial of plaintiffs' motion for sanctions and to reinstate the prior motion for sanctions. Plaintiffs argued that the motion for sanctions is now appropriate since defendant alleged and realleged her argument regarding the effect of a payment of restitution in a criminal case in almost every pleading filed in the case. The motion for sanctions was fully briefed by both parties. In an order entered March 25, 1998, the trial court granted plaintiffs' motion for sanctions in the form of a fee award to plaintiffs' attorneys in the amount of $600. As this was an informed decision based on valid reasons, we find no abuse of discretion and affirm the circuit court's decision to impose attorney fees.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

TULLY and GALLAGHER, JJ., concur.